THE WESTON FIRM
GREGORY S. WESTON (239944)
888 Turquoise Street
San Diego, CA 92109
Telephone: (858) 488-1672
Fax: (480) 247-4553
greg@westonfirm.com

JACK FITZGERALD (257370)
2811 Sykes Court
Santa Clara, CA 95051
Telephone: (408) 459-0305
jack@westonfirm.com

BECK & LEE BUSINESS TRIAL LAWYERS
JARED H. BECK (233743)
ELIZABETH LEE BECK (233742)
28 West Flagler St., Ste 555
Miami, FL 33130
Telephone: (305) 789-0072
Fax: (786) 664-3334
jared@beckandlee.com
elizabeth@beckandlee.com

**Counsel for Plaintiffs**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANGELINE RED, JENNIFER RED, RACHEL WHITT, on Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> UNILEVER UNITED STATES, INC., UNILEVER N.V., and UNILEVER PLC., <br><br> Defendants. | Case No: 3:10-cv-00387 JW (HRLx) <br><br> Pleading Type: Class Action <br><br> **DECLARATION OF GREGORY S. WESTON IN SUPPORT OF PLAINTIFFS' MOTION UNDER FED. R. CIV. P. 37 TO COMPEL UNILEVER UNITED STATES INC. TO: (1) MAKE ITS INITIAL DISCLOSURES; (2) PRODUCE DOCUMENTS RESPONSIVE TO DOCUMENT REQUESTS; AND (3) PROVIDE FULL SUBSTANTIVE RESPONSES TO INTERROGATORIES** <br><br> Judge: The Hon. Howard R. Lloyd <br> Date: April 27, 2010 <br> Time: 10:00 am <br> Location: Courtroom 2 |

I, Gregory S. Weston, declare and say that:

1.     I am an attorney licensed to practice law in the State of California and before this Court. I am managing partner of The Weston Firm, counsel for Plaintiffs in this action. The information below is stated based on my own personal knowledge. I am a competent witness to the facts set forth below, and if called as a witness and placed under oath, I would testify to the truth of those facts.

2.     Attached hereto as <u>Exhibit A</u> is PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS ADDRESSED TO UNILEVER UNITED STATES, INC., dated February 2, 2010.

3.     Attached hereto as <u>Exhibit B</u> is PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO UNILEVER UNITED STATES, INC., dated February 2, 2010.

4.     Attached hereto as <u>Exhibit C</u> is PLAINTIFFS' SECOND SET OF INTERROGATORIES ADDRESSED TO UNILEVER UNITED STATES, INC., dated February 2, 2010.

5.     Attached hereto as <u>Exhibit D</u> is DEFENDANT UNILEVER UNITED STATES, INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS ADDRESSED TO UNILEVER UNITED STATES, INC., dated March 4, 2010.

6.     Attached hereto as <u>Exhibit E</u> is DEFENDANTS [sic] UNILEVER UNITED STATES, INC.'S RESPONSE TO PLAINTIFFS' FIRST SET OF NTERROGATORIES ADDRESSED TO UNILEVER UNITED STATES, INC., dated March 4, 2010.

7.     Attached hereto as <u>Exhibit F</u> is DEFENDANTS [sic] UNILEVER UNITED STATES, INC.'S RESPONSE TO PLAINTIFFS' SECOND SET OF NTERROGATORIES ADDRESSED TO UNILEVER UNITED STATES, INC., dated March 4, 2010.

8.     Attached hereto as <u>Exhibit G</u> is a Letter from Jared H. Beck, counsel for Plaintiffs, to Janelle J. Sahouria, counsel for Defendant, dated March 15, 2010.

9.     Attached hereto as <u>Exhibit H</u> is an email from Janelle J. Sahouria to Jared Beck, dated March 22, 2010.

10.     Attached hereto as <u>Exhibit I</u> is a letter from Janelle J. Sahouria to Gregory S. Weston, dated March 23, 2010.

1

*Red et al. v. Unilever PLC et al., Case No. 3:10-cv-00387 JW*
DECLARATION OF GREGORY S. WESTON IN SUPPORT OF MOTION TO COMPEL

1    I declare under penalty of perjury under the laws of the United States that the foregoing is
2    true and correct and that this declaration was executed in San Diego, California.

3

4    Dated: March 23, 2010                    By: /s/ Gregory S. Weston
                                                  Gregory S. Weston
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

*Red et al. v. Unilever PLC et al., Case No. 3:10-cv-00387 JW*
DECLARATION OF GREGORY S. WESTON IN SUPPORT OF MOTION TO COMPEL

1   Dated: March 23, 2010                              Respectfully submitted,

2                                                      /s/ Jack Fitzgerald
3                                                      THE WESTON FIRM
                                                       Gregory S. Weston
4                                                      888 Turquoise St.
                                                       San Diego, CA 92109
5                                                      Phone: (858) 488-1672
6                                                      Fax: (480) 247-4553

7
                                                       Jack Fitzgerald
8                                                      2811 Sykes Ct.
                                                       Santa Clara, CA 95051
9                                                      Phone: (408) 459-0305
10
                                                       Jared H. Beck
11                                                     Elizabeth Lee Beck
12                                                     BECK & LEE BUSINESS
                                                       TRIAL LAWYERS
13                                                     28 West Flagler Street, Ste 555
14                                                     Miami, FL 33130
                                                       Phone: (305) 789-0072
15                                                     Fax: (786) 664-3334
16
17                                                     *Attorneys for Plaintiffs*

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

*Red et al. v. Unilever PLC et al., Case No. 3:10-cv-00387 JW*
DECLARATION OF GREGORY S. WESTON IN SUPPORT OF MOTION TO COMPEL

# Exhibit A

THE WESTON FIRM
GREGORY S. WESTON (239944)
888 Turquoise Street
San Diego, CA 92109
Telephone:     858 488 1672
Facsimile:     480 247 4553
greg@westonfirm.com

BECK & LEE BUSINESS TRIAL LAWYERS
JARED H. BECK (233743)
28 West Flagler Street, Suite 555
Miami, FL 33130
Telephone:     305 789 0072
Facsimile:     786 664 3334
jared@beckandlee.com

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| EVANGELINE RED, JENNIFER RED, and RACHEL WHITT, on behalf of themselves and all others similarly situated, | Case No.: 3:10-cv-00387-BZ |
|---|---|
| Plaintiffs, | Pleading Type: Class Action |
| v. | **PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS ADDRESSED TO UNILEVER UNITED STATES, INC.** |
| UNILEVER PLC and UNILEVER UNITED STATES, INC., | |
| Defendants. | Judge: The Hon. Bernard Zimmerman |

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs request that Defendant Unilever United States, Inc. produce and permit Plaintiffs' counsel to inspect and copy those documents specified herein which are in the producing party's possession, custody or control, at the Weston Firm, 888 Turquoise Street, San Diego, CA 92109.

## I.   DEFINITIONS AND INSTRUCTIONS

1.      "You" and "your" mean the defendant responding to these Requests, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other persons acting under their control or on their behalf.

2.      "Person" means natural persons, proprietorships, public or private corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other legal entities, including representatives of any such person or persons.

3.      "Document" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A copy or duplicate of a document which has any non-conforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate document within the meaning of this term. Documents include, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

4.      "Communication" means the transmission, sending and/or receipt of information of any kind by and/or through any means including, but not limited to speech, writings, language (computer, foreign or otherwise), computer electronics of any kind (including, but not limited to "email"), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic and/or optical disks, "floppy disks," compact discs, CD ROM discs, sound, radio and/or video signals,

telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types and/or other media of any kind. The term "communication" also includes, without limitation, all "documents" (as defined herein) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and/or press, publicity or trade releases.

5.      "Meeting," "meet," or "met" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or not planned, arranged or scheduled in advance during which a communication of any kind occurred and shall include, but not be limited to, formal gatherings, conversations, video conferences, and telephone calls.

6.      "Marketing" or "market" means all activities involved in the distribution of a product including, without limitation, advertising, locating and contacting prospective customers, attempting to sell, making sales presentations, selling, preparing and submitting bids, shipping products, servicing customers and the supervision and management of the same.

7.      "Relating to" means in whole or in part constituting, containing, concerning, discussing, referring, describing, analyzing, identifying, evidencing, or stating.

8.      "Class period" refers to January 1, 2000 to the present.

9.      "Margarine" means a manufactured blend of vegetable oils, including but not limited to: I Can't Believe It's Not Butter! Light, I Can't Believe It's Not Butter! Original, I Can't Believe It's Not Butter! Cooking and Baking Sticks, Shedd's Spread Country Crock, Shedd's Spread Country Crock Spreadable Sticks, Brummel & Brown, and Imperial Margarine.

10.     The singular form of a word should be interpreted as plural wherever necessary to bring with the scope of the request any information that might otherwise be construed outside its scope.

11.     The words "and" and "or" shall be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

12.     In responding to this Request, you are required to furnish all documents that are available to you, including documents in the possession, custody or control of your attorneys, officers, agents, employees, accountants, consultants, representatives, or any persons directly or indirectly employed by or connected with you or your attorneys or anyone else subject to your

1  control. All documents that are responsive, in whole or in part, to any portion of this Request

2  shall be produced in their entirety, including all attachments.

3        13.    All documents should be produced as they are kept in the ordinary course of

4  business or should be organized and labeled to correspond to the specific requests to which they

5  are responsive. All documents should be produced in any file folder or carton in which they have

6  been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same form

7  and manner in which they were found.

8        14.    If and to the extent that you object to any request, state with specificity all

9  grounds for any such objection.

10        15.    Unless otherwise indicated, each matter or request listed below shall cover the

11  period from January 1, 2000 to the present.

12        16.    If you assert any claim of privilege to object to any request, and you do not

13  respond based on that asserted privilege, state the title and nature of the document, and furnish a

14  list signed by the attorney of record giving the following information with respect to each

15  withheld document: (a) the name and title of the author and/or sender and the name and title of

16  the recipient; (b) the date of the documents origination; (c) the name of each person or persons

17  participating in the preparation of the document; (d) the name and position, if any, of each person

18  to whom the contents of the document have been communicated by copy, exhibition, reading, or

19  substantial summarization; (e) a statement of the specific basis on which privilege is claimed and

20  whether or not the subject matter or the contents of that document is limited to legal advice or

21  information provided for the purpose of securing legal advice; and (f) the identity and position, if

22  any, of the other person or persons supplying the attorney signing the list with the information

23  requested in subparagraphs above.

24  **II. REQUESTS FOR PRODUCTION OF DOCUMENTS**

25  First Request:      All Documents that Relate to the trans fat content of Your Margarines.

26  Second Request:      All Documents that Relate to the labels and packages of Your Margarines,

27        including images of the labels and packaging and drafts of such

28        documents.

29  Third Request:      All Documents that Relate to the effects of trans fat on human or animal

30        health.

31  Fourth Request:      Your document retention policies.

32

Fifth Request:          Organization charts showing any employees who market, manufacture, or develop Your Margarines.

Sixth Request:          Documents sufficient to calculate total Your total revenue from the sale of Margarine in the United States for each year in the Class Period.

Seventh Request:        All Documents that have been produced to the plaintiff in the action *Rosen v. Unilever United States, Inc.,* No. 09-02563 (N.D. Cal.).

Dated: February 2, 2010                         Respectfully Submitted,

_____

THE WESTON FIRM
GREGORY S. WESTON (239944)
888 Turquoise Street
San Diego, CA 92109
Telephone:     858 488 1672
Facsimile:     480 247 4553
greg@westonfirm.com

BECK & LEE BUSINESS TRIAL LAWYERS
JARED H. BECK (233743)
28 West Flagler Street, Suite 555
Miami, FL 33130
Telephone:     305 789 0072
Facsimile:     786 664 3334
jared@beckandlee.com

Counsel for Plaintiffs

4

# Exhibit B

1  THE WESTON FIRM
   GREGORY S. WESTON (239944)
2  888 Turquoise Street
   San Diego, CA 92109
3  Telephone:    858 488 1672
   Facsimile:     480 247 4553
4  greg@westonfirm.com

5
   BECK & LEE BUSINESS TRIAL LAWYERS
6  JARED H. BECK (233743)
   28 West Flagler Street, Suite 555
7  Miami, FL 33130
   Telephone:    305 789 0072
8  Facsimile:     786 664 3334
9  jared@beckandlee.com

10 Counsel for Plaintiffs

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13 EVANGELINE RED, JENNIFER RED, and      Case No.: 3:10-cv-00387-BZ
   RACHEL WHITT, on behalf of themselves
14 and all others similarly situated,      **PLAINTIFFS' FIRST SET OF**
                               Plaintiffs,  **INTERROGATORIES ADDRESSED TO**
15                                          **UNILEVER UNITED STATES, INC.**
          v.
16
   UNILEVER PLC and UNILEVER UNITED        Judge: The Hon. Bernard Zimmerman
17 STATES, INC.,
                               Defendants.
18

19

20

21

22

23

24

25

26

27

---

## I.    DEFINITIONS

1.      "You" and "your" mean the defendant responding to these Requests, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other persons acting under their control or on their behalf.

2.      "Person" means natural persons, proprietorships, public or private corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other legal entities, including representatives of any such person or persons.

3.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4.      "Document" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A copy or duplicate of a document which has any non-conforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate document within the meaning of this term. Documents include, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

5.      "Communication" means the transmission, sending and/or receipt of information of any kind by and/or through any means including, but not limited to speech, writings, language (computer, foreign or otherwise), computer electronics of any kind (including, but not limited to "email"), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic and/or optical disks, "floppy disks," compact discs, CD ROM discs, sound, radio and/or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types and/or other media of any kind. The term "communication" also includes,

1

without limitation, all "documents" (as defined herein) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and/or press, publicity or trade releases.

6.     "Meeting," "meet," or "met" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or not planned, arranged or scheduled in advance during which a communication of any kind occurred and shall include, but not be limited to, formal gatherings, conversations, video conferences, and telephone calls.

7.     "Marketing" or "market" means all activities involved in the distribution of a product including, without limitation, advertising, locating and contacting prospective customers, attempting to sell, making sales presentations, selling, preparing and submitting bids, shipping products, servicing customers and the supervision and management of the same.

8.     "Margarine" means a manufactured blend of vegetable oils and/or meat fats mixed with milk and salt, used chiefly as a substitute for butter.

9.     The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed outside its scope.

10.     The words "and" and "or" shall be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed outside its scope.

## II.     <u>INTERROGATORIES</u>

Interrogatory No. 1:   List the names on the packages of all Margarines sold by You during the Class Period.

Interrogatory No. 2:   Of the Margarines described in Interrogatory No. 1, list all those that contained partially hydrogenated oils as an ingredient, and the time period in which it contained the ingredient.

Interrogatory No. 3:   The amount for each year in the Class period that you received in revenue from the sale of margarine that contained partially hydrogenated vegetable oil.

2

*Red et al. v. Unilever PLC et al., Case No. 3:10-cv-00387-BZ*
PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO UNILEVER UNITED STATES, INC.

1    Dated: February 2, 2010                    Respectfully Submitted,

2

3

4                                              _____
                                               THE WESTON FIRM
5                                              GREGORY S. WESTON (239944)
                                               888 Turquoise Street
6                                              San Diego, CA 92109
                                               Telephone:    858 488 1672
7                                              Facsimile:    480 247 4553
                                               greg@westonfirm.com
8
                                               BECK & LEE BUSINESS TRIAL
9                                              LAWYERS
                                               JARED H. BECK (233743)
10                                             28 West Flagler Street, Suite 555
                                               Miami, FL 33130
11                                             Telephone:    305 789 0072
                                               Facsimile:    786 664 3334
12                                             jared@beckandlee.com

13                                             Counsel for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

---

*Red et al. v. Unilever PLC et al., Case No. 3:10-cv-00387-BZ*
PLAINTIFFS' FIRST SET OF INTERROGATORIES ADDRESSED TO UNILEVER UNITED
STATES, INC.

# Exhibit C

1  THE WESTON FIRM
   GREGORY S. WESTON (239944)
2  888 Turquoise Street
   San Diego, CA 92109
3  Telephone:     858 488 1672
   Facsimile:      480 247 4553
4  greg@westonfirm.com

5
   BECK & LEE BUSINESS TRIAL LAWYERS
6  JARED H. BECK (233743)
   28 West Flagler Street, Suite 555
7  Miami, FL 33130
   Telephone:     305 789 0072
8  Facsimile:      786 664 3334
9  jared@beckandlee.com

10 Counsel for Plaintiffs

11                 UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13 EVANGELINE  RED,  JENNIFER  RED,  and     Case No.: 3:10-cv-00387-CRB
   RACHEL  WHITT,  on  behalf  of  themselves
14 and all others similarly situated,
                                              **PLAINTIFFS' SECOND SET OF**
15                              Plaintiffs,    **INTERROGATORIES ADDRESSED TO**
           vs.                                **DEFENDANT UNILEVER UNITED**
16                                            **STATES, INC.**
   UNILEVER  PLC  and  UNILEVER  UNITED
17 STATES, INC.,                              Judge: The Hon. Charles R. Breyer
                              Defendants.
18

19

20

21

22

23

24

25

26

27

# I.   <u>DEFINITIONS</u>

1.      "You" and "your" mean the defendant responding to these Requests, and, where applicable, any predecessors and/or successors in interest, present and former parents, subsidiaries, divisions and affiliates, and present and former directors, employers, employees, attorneys, agents, other representatives and all other persons acting under their control or on their behalf.

2.      "Person" means natural persons, proprietorships, public or private corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other legal entities, including representatives of any such person or persons.

3.      The term "concerning" means relating to, referring to, describing, evidencing or constituting.

4.      "Document" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A copy or duplicate of a document which has any non-conforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate document within the meaning of this term. Documents include, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

5.      "Communication" means the transmission, sending and/or receipt of information of any kind by and/or through any means including, but not limited to speech, writings, language (computer, foreign or otherwise), computer electronics of any kind (including, but not limited to "email"), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic and/or optical disks, "floppy disks," compact discs, CD ROM discs, sound, radio and/or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types and/or other media of any kind. The term "communication" also includes,

1

without limitation, all "documents" (as defined herein) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and/or press, publicity or trade releases.

6.      "Meeting," "meet," or "met" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or not planned, arranged or scheduled in advance during which a communication of any kind occurred and shall include, but not be limited to, formal gatherings, conversations, video conferences, and telephone calls.

7.      "Marketing" or "market" means all activities involved in the distribution of a product including, without limitation, advertising, locating and contacting prospective customers, attempting to sell, making sales presentations, selling, preparing and submitting bids, shipping products, servicing customers and the supervision and management of the same.

8.      "Margarine" means a manufactured blend of vegetable oils and/or meat fats mixed with milk and salt, used chiefly as a substitute for butter.

9.      The singular form of a word should be interpreted as plural wherever necessary to bring within the scope of the request any information that might otherwise be construed outside its scope.

10.     The words "and" and "or" shall be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed outside its scope.

## II.      **INTERROGATORIES**

Interrogatory No. 4:   Please provide a list of each of Your employees involved in the advertising and/or promotion of Your margarines; for each individual, please describe the nature of their involvement and address of employment.

Interrogatory No. 5:   List the amount of partially hydrogenated oil and trans fat for each product described in the complaint to the nearest one hundred milligrams and to the extent the amount was not the same during the class period. List the dates and amounts during those dates.

1   Dated: February 2, 2010                    Respectfully Submitted,

2

3

4                                              _____
                                               THE WESTON FIRM
5                                              GREGORY S. WESTON (239944)
                                               888 Turquoise Street
6                                              San Diego, CA 92109
                                               Telephone:     858 488 1672
7                                              Facsimile:     480 247 4553
                                               greg@westonfirm.com
8
                                               BECK & LEE BUSINESS TRIAL
9                                              LAWYERS
                                               JARED H. BECK (233743)
10                                             28 West Flagler Street, Suite 555
                                               Miami, FL 33130
11                                             Telephone:     305 789 0072
                                               Facsimile:     786 664 3334
12                                             jared@beckandlee.com

13
                                               Counsel for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

3

*Red et al. v. Unilever PLC et al., Case No. 3:10-cv-00387-CRB*
PLAINTIFFS' SECOND SET OF INTERRROGATORIES

# Exhibit D

1   WILLIAM L. STERN (CA SBN 96105)
    WStern@mofo.com
2   JANELLE J. SAHOURIA (CA SBN 253699)
    JSahouria@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   Attorneys for Defendant
    UNILEVER UNITED STATES, INC. AND UNILEVER PLC

7

8

9                  UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12  EVANGELINE RED, JENNIFER RED, And          Case No.      5:10-cv-00387 JW
    RACHEL WHITT, on Behalf of Themselves and
13  All Others Similarly Situated,             **DEFENDANTS UNILEVER UNITED
                                               STATES, INC.'S RESPONSE TO
14                                             PLAINTIFFS' FIRST SET OF
                                               REQUESTS FOR THE PRODUCTION
15                      Plaintiffs,            OF DOCUMENTS ADDRESSED TO
                                               UNILEVER UNITED STATES, INC.**
16          v.

17  UNILEVER PLC and UNILEVER UNITED           Judge:  The Hon. James Ware
    STATES, INC.,
18

19                      Defendants.

20

21

22  PROPOUNDING PARTY:     Plaintiffs EVANGELINE RED, JENNIFER RED, and
                           RACHEL WHITT, on Behalf of Themselves and All Others
23                         Similarly Situated,

24  RESPONDING PARTY:      Defendant UNILEVER UNITED STATES, INC.

25  SET NUMBER:            ONE

26

27

28

1     Pursuant to Federal Rule of Civil Procedure 34, Defendant Unilever United States Inc.

2   ("Unilever") hereby submits the following objections and responses to Plaintiffs' First Set of

3   Requests for the Production of Documents Addressed to Unilever United States, Inc., dated

4   February 2, 2010 (the "Requests").

5                               **PRELIMINARY STATEMENT**

6     Discovery has not officially commenced in this case. In Judge Ware's February 17, 2010

7   Related Case Order, he transferred the lawsuit at issue to his courtroom. (Dkt. 38.) In the order,

8   Judge Ware instructed the parties to "adjust the dates for the conference, disclosures and report

9   required by FRCivP 16 and 26 accordingly." (*Id.*) As a result, discovery is preliminary and by

10  responding to these requests, Unilever is not waiving its right to object to the timeliness of the

11  requests.

12    Notwithstanding, Unilever conducted and is continuing to conduct a diligent search for

13  information and documents in response to Plaintiffs' Requests. Unilever has not completed its

14  investigation of the facts relating to this case, has not completed discovery in this action, and has

15  not completed preparation for trial. Additional investigation, research, and analysis may require

16  amendment or revision of these responses. Unilever's responses are based on information

17  presently known to it, and are given without prejudice to Unilever's right to provide or introduce

18  at trial or to submit to the Court evidence of any subsequently discovered information.

19                               **GENERAL OBJECTIONS**

20    Unilever incorporates the following general objections into each and every response to the

21  Requests and into each and every amendment, supplement, or modification to any responses

22  hereinafter provided. Unilever does not waive any general objections in response to any

23  Requests.

24    1.     Unilever objects to each of the Requests insofar as they seek the production of

25  documents before the start of discovery. (Dkt. 38.)

26    2.     Unilever objects to each of the Requests insofar as they seek the production of

27  documents that are not in its possession, custody, or control. Unilever further objects to the each

28

1   Request to the extent the documents sought is equally available to Plaintiffs.  Unilever does not

2   deem the Requests to seek the production of such documents.

3       3.      In providing responses and objections to the Requests, Unilever does not waive,

4   but rather preserves, their right to:

5           i       object on the grounds of competency, relevancy, materiality, privilege,

6                   work product, and admissibility;

7           ii      object on the grounds it seeks private or confidential information protected

8                   by, for example, the common law, custom, contract, or the reasonable

9                   expectations of such individuals;

10          iii     object on any ground to the use of any of the responses or objections herein

11                  or documents referred to herein in any subsequent proceeding, including

12                  the trial of this or any other actions; and

13          iv      object on the grounds of vagueness and ambiguity.

14      4.      Unilever objects to each of the Requests to the extent that they seek trade-secret or

15   confidential, proprietary, and/or commercially sensitive information or seek documents

16   containing trade secret or confidential information, proprietary, and/or or commercially sensitive

17   information.  Unilever will produce documents according to any protective order entered in this

18   case.

19      5.      To the extent that documents are provided, Unilever reserves the right to object to

20   their relevancy, materiality, or admissibility in this or any other action.

21      6.      To the extent that Unilever states they will produce documents, this does not mean

22   that responsive documents exist.  Unilever's documents will be produced if they exist, can be

23   located with reasonable diligence, and are not otherwise protected from disclosure.

24      7.      Unilever objects generally to the Requests to the extent that they seek information

25   that, unless and until a class is certified, is premature, and on the ground that initial discovery

26   may be limited to class issues.

27

28

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Unilever objects to each and every Instruction and Definition, and each of the Requests incorporation of such definitions and instructions, to the extent they are overly broad, are vague and ambiguous or seek information which is not relevant to the issues in this case, and are not reasonably calculated to lead to the discovery of admissible evidence.

2.      Unilever further objects generally to the extent the Requests exceed the permissible scope of discovery. In responding to Plaintiffs' discovery, Unilever will comply with the requirements set forth in the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and other applicably law, but not with any Instructions, Definitions or Requests asserted by Defendants that are at variance with the requirements of the applicable law.

3.      Unilever further objects to all Definitions, Instructions, and Requests to the extent that they require words to be construed in any manner other than their plain meaning and/or their legal definition in relevant statutory authority.

4.      Unilever objects to all Definitions, Instructions, and Requests insofar as they seek documents that are not required to be produced under any applicable privilege, doctrine or immunity, including without limitation, the attorney-client privilege, the work-product doctrine, the self-evaluative and peer review privilege, a joint defense privilege, and all other privileges recognized under the constitutional, statutory, or decisional law of the United States, the State of California, and all other relevant jurisdictions.

5.      Unilever objects to the definition of "you" and 'your" as overly broad and unduly burdensome. The definition is not likely to lead to the discovery of admissible evidence. Unilever will interpret the definition as being limited to Unilever United States, Inc.

6.      Unilever objects to the definition of "person" as overly broad and unduly burdensome. The definition is not likely to lead to the discovery of admissible evidence.

7.      Unilever objects to the definition of "document" as overly broad and unduly burdensome and vague and ambiguous. The definition is not likely to lead to the discovery of admissible evidence.

8.     Unilever objects to the definition of "communication" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

9.     Unilever objects to the definition of "meeting," "meet,' or "met" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

10.     Unilever objects to the definition of "marketing" or "market" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

11.     Unilever objects to the definition of "relating to" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

12.     Unilever objects to the definition of "class period" as overly broad and unduly burdensome and vague and ambiguous.  The "class period" is not limited to the statute of limitations.

13.     Unilever objects to the definition of "margarine" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

14.     To the extent that Plaintiffs request information beyond the relevant time period in this case, Unilever objects to the request as being overly broad and unduly burdensome.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST FOR PRODUCTION NO. 1:

All Documents that Relate to the trans fat content of Your Margarines.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Unilever incorporates by reference its General Objections and Objections to Definitions and Instructions as though fully set forth herein.  Unilever further objects that this request is overly broad and unduly burdensome, as to, but not limited to, the terms "all," "documents," "relate to," "Your," and "Margarines."  The request is not reasonably calculated to lead to the

1  discovery of admissible evidence.  Moreover, this request is vague and ambiguous as to, but not

2  limited to, the terms "relate to," "trans fat," "content," and "Margarines."  Unilever also objects to

3  the time limit as being defined as "January 1, 2000" to the present, which is not limited to the

4  relevant time period and is overly broad, unduly burdensome, and not likely to lead to the

5  discovery of admissible evidence.

6      Unilever objects to this request to the extent that it seeks information protected by the

7  attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

8  Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

9  confidential, proprietary, and/or commercially sensitive information.  Unilever also objects to the

10  request to the extent it seeks information not in its custody, possession, or control or that is

11  publicly available.

12      Subject to these objections and all General Objections and Objections to Definitions, the

13  Unilever will respond to the extent necessary once discovery is appropriate.

14  **REQUEST FOR PRODUCTION NO. 2:**

15      All Documents that Relate to the labels and packages of Your Margarines, including

16  images of the labels and packaging and drafts of such documents.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

18      Unilever incorporates by reference its General Objections and Objections to Definitions

19  and Instructions as though fully set forth herein.  Unilever further objects that this request is

20  overly broad and unduly burdensome, as to, but not limited to, the terms "all," "documents,"

21  "relate to," "labels," "packages," "Your," "Margarines," "images," and "drafts."  The request is

22  not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this request

23  is vague and ambiguous as to, but not limited to, the terms "relate to," "labels," "packages,"

24  "Margarines," and "images."  Unilever also objects to the time limit as being defined as "January

25  1, 2000" to the present, which is not limited to the relevant time period and is overly broad,

26  unduly burdensome, and not likely to lead to the discovery of admissible evidence.

27      Unilever objects to this request to the extent that it seeks information protected by the

28  attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

1    Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

2    confidential, proprietary, and/or commercially sensitive information.  Unilever also objects to the

3    request to the extent it seeks information not in its custody, possession, or control or that is

4    publicly available.

5         Subject to these objections and all General Objections and Objections to Definitions, the

6    Unilever will respond to the extent necessary once discovery is appropriate.

7    **REQUEST FOR PRODUCTION NO. 3:**

8         All Documents that Relate to the effects of trans fat on human or animal health.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

10        Unilever incorporates by reference its General Objections and Objections to Definitions

11   and Instructions as though fully set forth herein.  Unilever further objects that this request is

12   overly broad and unduly burdensome, as to, but not limited to, the terms "all," "documents,"

13   "Relate to the effects of trans fat on human or animal health."  The request is not reasonably

14   calculated to lead to the discovery of admissible evidence.  Moreover, this request is vague and

15   ambiguous as to, but not limited to, the terms "relate to," "trans fat," "and "human or animal

16   health."  Unilever also objects to the time limit as being defined as "January 1, 2000" to the

17   present, which is not limited to the relevant time period and is overly broad, unduly burdensome,

18   and not likely to lead to the discovery of admissible evidence.

19        Unilever objects to this request to the extent that it seeks information protected by the

20   attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

21   Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

22   confidential, proprietary, and/or commercially sensitive information.  Unilever also objects to the

23   request to the extent it seeks information not in its custody, possession, or control or that is

24   publicly available.

25        Subject to these objections and all General Objections and Objections to Definitions, the

26   Unilever will respond to the extent necessary once discovery is appropriate.

27   **REQUEST FOR PRODUCTION NO. 4:**

28        Your document retention policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Unilever incorporates by reference its General Objections and Objections to Definitions and Instructions as though fully set forth herein.  Unilever further objects that this request is overly broad and unduly burdensome, as to, but not limited to, the terms "your," and "document retention policies."  The request is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this request is vague and ambiguous as to, but not limited to, the term "document retention policies."  Unilever also objects to the time limit as being defined as "January 1, 2000" to the present, which is not limited to the relevant time period and is overly broad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.

Unilever objects to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege. Additionally, the Unilever objects to this request to the extent it seeks a trade secret or confidential, proprietary, and/or commercially sensitive information.

Subject to these objections and all General Objections and Objections to Definitions, the Unilever will respond to the extent necessary once discovery is appropriate.

**REQUEST FOR PRODUCTION NO. 5:**

Organization charts showing any employees who market, manufacture, or develop Your Margarines.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Unilever incorporates by reference its General Objections and Objections to Definitions and Instructions as though fully set forth herein.  Unilever further objects that this request is overly broad and unduly burdensome, as to, but not limited to, the terms "organization charts," "showing," and "any employee who market, manufacture or develop," "Your," and "Margarines." The request is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, this request is vague and ambiguous as to, but not limited to, the terms "organizational charts," "showing," "employees," "market," "manufacture," "develop," and "Margarines." Unilever also objects to the time limit as being defined as "January 1, 2000" to the present, which

1    is not limited to the relevant time period and is overly broad, unduly burdensome, and not likely

2    to lead to the discovery of admissible evidence.

3        .        Unilever objects to this request to the extent that it seeks information protected by the

4    attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

5    Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

6    confidential, proprietary, and/or commercially sensitive information.

7            Subject to these objections and all General Objections and Objections to Definitions, the

8    Unilever will respond to the extent necessary once discovery is appropriate.

9    **REQUEST FOR PRODUCTION NO. 6:**

10           Documents sufficient to calculate total [sic] Your total revenue from the sale of Margarine

11   in the United States for each year in the Class Period.

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

13           Unilever incorporates by reference its General Objections and Objections to Definitions

14   and Instructions as though fully set forth herein.  Unilever further objects that this request is

15   overly broad and unduly burdensome, as to, "documents," "sufficient to calculate total [sic] Your

16   total revenue," "Margarine," and "Class Period."  The request is not reasonably calculated to lead

17   to the discovery of admissible evidence.  Moreover, this request is vague and ambiguous as to,

18   but not limited to, the terms "sufficient to calculate total [sic] Your total revenue," "sale," and

19   "Margarine."  .Unilever also objects to the time limit as being defined as the "Class Period,"

20   which is not limited to the relevant time period and is overly broad, unduly burdensome, and not

21   likely to lead to the discovery of admissible evidence.

22           Unilever objects to this request to the extent that it seeks information protected by the

23   attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

24   Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

25   confidential, proprietary, and/or commercially sensitive information.  Unilever also objects to the

26   request to the extent it seeks information not in its custody, possession, or control or that is

27   publicly available.

28

1    Subject to these objections and all General Objections and Objections to Definitions, the

2    Unilever will respond to the extent necessary once discovery is appropriate.

3    **REQUEST FOR PRODUCTION NO. 7:**

4    All Documents that have been produced to the plaintiff in the action *Rosen v. Unilever*

5    *United States, Inc.*, No. 09-02563 (N.D. Cal.).

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7    Unilever incorporates by reference its General Objections and Objections to Definitions

8    and Instructions as though fully set forth herein.  Unilever further objects that this request is

9    overly broad and unduly burdensome, as to, but not limited to, the terms "all," and "Documents."

10   The request is not reasonably calculated to lead to the discovery of admissible evidence.

11   Moreover, this request is vague and ambiguous as to, but not limited to, the term "produced."

12   Unilever also objects to the time limit as being defined as "January 1, 2000" to the present, which

13   is not limited to the relevant time period and is overly broad, unduly burdensome, and not likely

14   to lead to the discovery of admissible evidence.

15   Unilever objects to this request to the extent that it seeks information protected by the

16   attorney-client privilege, the attorney work product doctrine, or any other applicable privilege and

17   is in violation of any protective orders.  Additionally, the Unilever objects to this request to the

18   extent it seeks a trade secret or confidential, proprietary, and/or commercially sensitive

19   information.

20   Subject to these objections and all General Objections and Objections to Definitions, the

21   Unilever will respond to the extent necessary once discovery is appropriate.

22

23

24

25

26

27

28

1    Dated: March 4, 2010

                                WILLIAM L. STERN

2                                   JANELLE J. SAHOURIA

                                  MORRISON & FOERSTER LLP

3

                                  By: _____

4

                                        Janelle J. Sahouria

5

                                  Attorneys for Defendant

                                  UNILEVER UNITED STATES, INC.

6                                   AND UNILEVER PLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

1   WILLIAM L. STERN (CA SBN 96105)
    WStern@mofo.com
2   JANELLE J. SAHOURIA (CA SBN 253699)
    JSahouria@mofo.com
3   MORRISON & FOERSTER LLP
    425 Market Street
4   San Francisco, California  94105-2482
    Telephone: 415.268.7000
5   Facsimile: 415.268.7522

6   Attorneys for Defendant
    UNILEVER UNITED STATES, INC. AND UNILEVER PLC

7

8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11

12  EVANGELINE RED, JENNIFER RED, And          Case No.      5:10-cv-00387 JW
    RACHEL WHITT, on Behalf of Themselves and
13  All Others Similarly Situated,             DEFENDANTS UNILEVER UNITED
                                               STATES, INC.'S RESPONSE TO
14                                             PLAINTIFFS' FIRST SET OF
                       Plaintiffs,             INTERROGATORIES ADDRESSED
15                                             TO UNILEVER UNITED STATES,
            v.                                 INC.
16
    UNILEVER PLC and UNILEVER UNITED
17  STATES, INC.,                              Judge:  The Hon. James Ware

18

19                     Defendants.

20

21

22  PROPOUNDING PARTY:        Plaintiffs EVANGELINE RED, JENNIFER RED, and
                              RACHEL WHITT, on Behalf of Themselves and All Others
23                            Similarly Situated,

24  RESPONDING PARTY:         Defendant UNILEVER UNITED STATES, INC.

25  SET NUMBER:               ONE

26

27

28

Pursuant to Federal Rule of Civil Procedure 33, Defendant Unilever United States Inc. ("Unilever") hereby submits the following objections and responses to Plaintiffs' First Set of Interrogatories Addressed to Unilever United States, Inc., dated February 2, 2010 (the "Interrogatories").

## PRELIMINARY STATEMENT

Discovery has not officially commenced in this case. In Judge Ware's February 17, 2010 Related Case Order, he transferred the lawsuit at issue to his courtroom. (Dkt. 38.) In the order, Judge Ware instructed the parties to "adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly." (*Id.*) As a result, discovery is preliminary and by responding to these requests, Unilever is not waiving its right to object to the timeliness of the requests.

Notwithstanding, Unilever has conducted and is continuing to conduct a diligent search for information in response to Plaintiffs' Interrogatories. Unilever has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Additional investigation, research, and analysis may require amendment or revision of these responses. Unilever's responses are based on information presently known to it, and are given without prejudice to Unilever's right to provide or introduce at trial or submit to the Court evidence of any subsequently discovered information.

## GENERAL OBJECTIONS

Unilever incorporates the following general objections into each and every response to the Interrogatories and into each and every amendment, supplement, or modification to any responses hereinafter provided. Unilever does not waive any general objections in response to any Interrogatories.

1. Unilever objects to each of the Interrogatories insofar as the responses are due before the start of discovery. (Dkt. 38.)

2. Unilever objects to each of the Interrogatories insofar as they seek information that is not in its possession, custody, or control. Unilever further objects to the Interrogatories to the extent the information sought is equally available to Plaintiffs.

1    3.    In providing responses and objections to the Interrogatories, Unilever does not

2  waive, but rather preserves, their right to:

3                 i     object on the grounds of competency, relevancy, materiality, privilege,

4                       work product, and admissibility;

5                 ii    object on the grounds it seeks private or confidential information protected

6                       by, for example, the common law, custom, contract, or the reasonable

7                       expectations of such individuals;

8                 iii   object on any ground to the use of any of the responses or objections herein

9                       or documents referred to herein in any subsequent proceeding, including

10                      the trial of this or any other actions; and

11                iv    object on the grounds of vagueness and ambiguity.

12   4.    Unilever objects to each of the Interrogatories to the extent that they seek trade

13 secret or confidential, proprietary, and/or commercially sensitive information or seek documents

14 containing trade secret or confidential information, proprietary, and/or commercially sensitive

15 information.  Unilever will only produce such information pursuant to any protective order in this

16 case.

17   5.    To the extent that Plaintiffs' Interrogatories seek information beyond the relevant

18 time period in this case, Unilever objects to the Interrogatories as being overly broad and unduly

19 burdensome and will provide a more appropriate date range.

20   6.    Unilever objects to the Interrogatories to the extent they contain subparts and are

21 compound.

22   7.    Unilever objects to the Interrogatories to the extent they ask for legal conclusions.

23   8.    Unilever objects to each of the Interrogatories insofar as they seek information that

24 is not required to be produced under any applicable privilege, doctrine or immunity, including

25 without limitation, the attorney-client privilege, the work product doctrine, the self-evaluative and

26 peer review privilege, a joint defense privilege, and all other privileges recognized under the

27 constitutional, statutory, or decisional law of the United States, the State of California, and all

28 other relevant jurisdictions.

9.      Unilever objects to each of the Interrogatories to the extent that they are vague, ambiguous, overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

10.     To the extent that information is provided, Unilever reserves the right to object to its relevancy, materiality, or admissibility in this or any other action.

11.     Unilever objects generally to the Interrogatories to the extent that they seek information that, unless and until a class is certified, is premature, and on the ground that initial discovery may be limited to class issues.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Unilever further objects generally to the extent the Interrogatories exceed the permissible scope of discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.  In responding to Plaintiffs' discovery, Unilever will comply with the requirements set forth in the Federal Rules of Civil Procedure, but not with any Instructions, Definitions or Interrogatories asserted by Plaintiffs that are at variance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

2.      Unilever objects to each and every Instruction and Definition, and each of the Interrogatories incorporation of such definitions and instructions, to the extent they are overly broad, are vague and ambiguous or seek information which is not relevant to the issues in this case, and are not reasonably calculated to lead to the discovery of admissible evidence.

3.      Unilever objects to the definition of "you" and "your" as overly broad and unduly burdensome.  The definition is not likely to lead to the discovery of admissible evidence. Unilever will interpret the definition as being limited to Unilever United States, Inc.

4.      Unilever objects to the definition of "person" as overly broad and unduly burdensome.  The definition is not likely to lead to the discovery of admissible evidence.

5.      Unilever objects to the term "concerning" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

6.        Unilever objects to the definition of "document" as overly broad and unduly burdensome.  The definition is not likely to lead to the discovery of admissible evidence.

7.        Unilever objects to the definition of "communication" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

8.        Unilever objects to the definition of "meeting," "meet,' or "met" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

9.        Unilever objects to the definition of "marketing" or "market" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

10.       Unilever objects to the definition of "margarine" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

11.       Unilever objects to the instruction for "and" and "or" as overly broad and unduly burdensome.  Unilever also objects to the extent the instructions ask compound questions or questions with subparts.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:**

List the names on the packages of all Margarines sold by You during the Class Period.

**RESPONSE TO INTERROGATORY NO. 1:**

Unilever incorporates by reference its General Objections and Objections to Definitions and Instructions as though fully set forth herein.  Unilever further objects that this request is overly broad and unduly burdensome, as to, but not limited to, the terms "all," "Margarines," "You," and "Class Period."  The request is not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, this request is vague and ambiguous as to, but not limited to, the terms "names," "packages," "Margarines," "sold," and "Class Period."  Unilever also objects to the time limit as being defined as the "Class Period" which as described in the Complaint is not

1   limited to the relevant time period and is overly broad, unduly burdensome, and not likely to lead

2   to the discovery of admissible evidence.

3      Unilever objects to this request to the extent that it seeks information protected by the

4   attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

5   Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

6   confidential, proprietary, and/or commercially sensitive information.

7      Subject to these objections and all General Objections and Objections to Definitions, the

8   Unilever will respond to the extent necessary once discovery is appropriate.

9   **INTERROGATORY NO. 2:**

10      Of the Margarines described in Interrogatory No. 1, list all those that contained partially

11   hydrogenated oils as an ingredient, and the time period in which it contained the ingredient.

12   **RESPONSE TO INTERROGATORY NO. 2:**

13      Unilever incorporates by reference its General Objections and Objections to Definitions

14   and Instructions and its response to Interrogatory No. 1 as though fully set forth herein.  Unilever

15   further objects that this request is overly broad and unduly burdensome, as to, but not limited to,

16   the term "Margarines."  The request is not reasonably calculated to lead to the discovery of

17   admissible evidence.  Moreover, this request is vague and ambiguous as to, but not limited to, the

18   terms "Margarines," "contained," and "partially hydrogenated oils."  The request does not specify

19   whether the product is limited to a specific type of oil or oils.  Unilever also objects to the extent

20   that "and" constitutes a subpart or compound request.  Unilever also objects to the time limit as

21   not being limited to the relevant time period in this lawsuit and is therefore overly broad, unduly

22   burdensome, and not likely to lead to the discovery of admissible evidence.

23      Unilever objects to this request to the extent that it seeks information protected by the

24   attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

25   Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

26   confidential, proprietary, and/or commercially sensitive information.

27      Subject to these objections and all General Objections and Objections to Definitions, the

28   Unilever will respond to the extent necessary once discovery is appropriate.

1   **INTERROGATORY NO. 3:**

2       The amount for each year in the Class period that you received in revenue from the sale of

3   margarine that contained partially hydrogenated vegetable oil.

4   **RESPONSE TO INTERROGATORY NO. 3:**

5       Unilever incorporates by reference its General Objections and Objections to Definitions

6   and Instructions and its response to Interrogatory No. 1 as though fully set forth herein.  Unilever

7   further objects that this request is overly broad and unduly burdensome, as to, but not limited to,

8   the terms "amount," "Class period," and "margarine."  The request is not reasonably calculated to

9   lead to the discovery of admissible evidence.  Moreover, this request is vague and ambiguous as

10  to, but not limited to, the terms "Class period," "revenue," "sale," "contained," and "partially

11  hydrogenated vegetable oils."  The request does not specify whether the product is limited to a

12  specific type of oil or oils.  Unilever also objects to the request to the extent it has subparts or is a

13  compound request.  Unilever also objects to the time limit as being defined as the "Class period"

14  which as described in the Complaint is not limited to the relevant time period and is overly broad,

15  unduly burdensome, and not likely to lead to the discovery of admissible evidence.

16      Unilever objects to this request to the extent that it seeks information protected by the

17  attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

18  Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

19  confidential, proprietary, and/or commercially sensitive information.

20

21

22

23

24

25

26

27

28

1      Subject to these objections and all General Objections and Objections to Definitions, the

2   Unilever will respond to the extent necessary once discovery is appropriate.

3

Dated: March 4, 2010                          WILLIAM L. STERN
4                                             JANELLE J. SAHOURIA
                                              MORRISON & FOERSTER LLP
5
                                              By:
6                                                  Janelle J. Sahouria

7                                             Attorneys for Defendant
                                              UNILEVER UNITED STATES, INC.
8                                             AND UNILEVER PLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit F

1  WILLIAM L. STERN (CA SBN 96105)
   WStern@mofo.com
2  JANELLE J. SAHOURIA (CA SBN 253699)
   JSahouria@mofo.com
3  MORRISON & FOERSTER LLP
   425 Market Street
4  San Francisco, California  94105-2482
   Telephone: 415.268.7000
5  Facsimile: 415.268.7522

6  Attorneys for Defendant
   UNILEVER UNITED STATES, INC. AND UNILEVER PLC

7

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  EVANGELINE RED, JENNIFER RED, And          Case No.        5:10-cv-00387 JW
    RACHEL WHITT, on Behalf of Themselves and
13  All Others Similarly Situated,
                                               **DEFENDANTS UNILEVER UNITED**
14                                             **STATES, INC.'S RESPONSE TO**
                       Plaintiffs,             **PLAINTIFFS' SECOND SET OF**
15                                             **INTERROGATORIES ADDRESSED**
                                               **TO DEFENDANT UNILEVER**
16           v.                                **UNITED STATES, INC.**

17  UNILEVER PLC and UNILEVER UNITED
    STATES, INC.,
18                                             Judge:  The Hon. James Ware

19                     Defendants.

20

21

22  PROPOUNDING PARTY:        Plaintiff EVANGELINE RED, JENNIFER RED, and
                              RACHEL WHITT, on Behalf of Themselves and All Others
23                            Similarly Situated,

24  RESPONDING PARTY:         Defendant UNILEVER UNITED STATES, INC.

25  SET NUMBER:               TWO

26

27

28

Pursuant to Federal Rule of Civil Procedure 33, Defendant Unilever United States Inc. ("Unilever") hereby submits the following objections and responses to Plaintiff's Second Set of Interrogatories Addressed to Unilever United States, Inc., dated February 2, 2010 (the "Interrogatories").

## PRELIMINARY STATEMENT

Discovery has not officially commenced in this case. In Judge Ware's February 17, 2010 Related Case Order, he transferred the lawsuit at issue to his courtroom. (Dkt. 38.) In the order, Judge Ware instructed the parties to "adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly." (*Id.*) As a result, discovery is preliminary and by responding to these requests, Unilever is not waiving its right to object to the timeliness of the requests.

Notwithstanding, Unilever has conducted and is continuing to conduct a diligent search for information in response to Plaintiffs' Interrogatories. Unilever has not completed its investigation of the facts relating to this case, has not completed discovery in this action, and has not completed preparation for trial. Additional investigation, research, and analysis may require amendment or revision of these responses. Unilever's responses are based on information presently known to it, and are given without prejudice to Unilever's right to provide or introduce at trial or submit to the Court evidence of any subsequently discovered information.

## GENERAL OBJECTIONS

Unilever incorporates the following general objections into each and every response to the Interrogatories and into each and every amendment, supplement, or modification to any responses hereinafter provided. Unilever does not waive any general objections in response to any Interrogatories.

1.     Unilever objects to each of the Interrogatories insofar as the responses are due before the start of discovery. (Dkt. 38.)

2.     Unilever objects to each of the Interrogatories insofar as they seek information that is not in its possession, custody, or control. Unilever further objects to the Interrogatories to the extent the information sought is equally available to Plaintiffs.

UNILEVER'S RESPONSE TO PLAINTIFFS' SECOND SET OF INTERROGATORIES                    1
CASE NO. 5:10-CV-00387 JW
sf-2803204

3.      In providing responses and objections to the Interrogatories, Unilever does not waive, but rather preserves, their right to:

      i      object on the grounds of competency, relevancy, materiality, privilege, work product, and admissibility;

      ii     object on the grounds it seeks private or confidential information protected by, for example, the common law, custom, contract, or the reasonable expectations of such individuals;

      iii    object on any ground to the use of any of the responses or objections herein or documents referred to herein in any subsequent proceeding, including the trial of this or any other actions; and

      iv     object on the grounds of vagueness and ambiguity.

4.      Unilever objects to each of the Interrogatories to the extent that they seek trade secret or confidential, proprietary, and/or commercially sensitive information or seek documents containing trade secret or confidential information, proprietary, and/or commercially sensitive information.  Unilever will only produce such information pursuant to any protective order in this case.

5.      To the extent that Plaintiffs' Interrogatories seek information beyond the relevant time period in this case, Unilever objects to the Interrogatories as being overly broad and unduly burdensome and will provide a more appropriate date range.

6.      Unilever objects to the Interrogatories to the extent they contain subparts and are compound.

7.      Unilever objects to the Interrogatories to the extent they ask for legal conclusions.

8.      Unilever objects to each of the Interrogatories insofar as they seek information that is not required to be produced under any applicable privilege, doctrine or immunity, including without limitation, the attorney-client privilege, the work product doctrine, the self-evaluative and peer review privilege, a joint defense privilege, and all other privileges recognized under the constitutional, statutory, or decisional law of the United States, the State of California, and all other relevant jurisdictions.

9.      Unilever objects to each of the Interrogatories to the extent that they are vague, ambiguous, overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

10.     To the extent that information is provided, Unilever reserves the right to object to its relevancy, materiality, or admissibility in this or any other action.

11.     Unilever objects generally to the Interrogatories to the extent that they seek information that, unless and until a class is certified, is premature, and on the ground that initial discovery may be limited to class issues.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      Unilever further objects generally to the extent the Interrogatories exceed the permissible scope of discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.  In responding to Plaintiffs' discovery, Unilever will comply with the requirements set forth in the Federal Rules of Civil Procedure, but not with any Instructions, Definitions or Interrogatories asserted by Plaintiffs that are at variance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

2.      Unilever objects to each and every Instruction and Definition, and each of the Interrogatories incorporation of such definitions and instructions, to the extent they are overly broad, are vague and ambiguous or seek information which is not relevant to the issues in this case, and are not reasonably calculated to lead to the discovery of admissible evidence.

3.      Unilever objects to the definition of "you" and 'your' as overly broad and unduly burdensome.  The definition is not likely to lead to the discovery of admissible evidence. Unilever will interpret the definition as being limited to Unilever United States, Inc.

4.      Unilever objects to the definition of "person" as overly broad and unduly burdensome.  The definition is not likely to lead to the discovery of admissible evidence.

5.      Unilever objects to the term "concerning" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

6.      Unilever objects to the definition of "document" as overly broad and unduly burdensome.  The definition is not likely to lead to the discovery of admissible evidence.

7.      Unilever objects to the definition of "communication" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

8.      Unilever objects to the definition of "meeting," "meet,' or "met" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

9.      Unilever objects to the definition of "marketing" or "market" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

10.     Unilever objects to the definition of "margarine" as overly broad and unduly burdensome and vague and ambiguous.  The definition is not likely to lead to the discovery of admissible evidence.

11.     Unilever objects to the instruction for "and" and "or" as overly broad and unduly burdensome.  Unilever also objects to the extent the instructions ask compound questions or questions with subparts.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 4:

Please provide a list of each of Your employees involved in the advertising and/or promotion of Your margarines; for each individual, please describe the nature of their involvement and address of employment.

### RESPONSE TO INTERROGATORY NO. 4:

Unilever incorporates by reference its General Objections and Objections to Definitions and Instructions as though fully set forth herein.  Unilever further objects that this request is overly broad and unduly burdensome, as to, but not limited to, the terms "Your employees involved in the advertising and/or promotion," "Your," "margarines," "nature of their involvement and address of employment."  The request is not reasonably calculated to lead to the

1  discovery of admissible evidence.  Moreover, this request is vague and ambiguous as to, but not

2  limited to, the terms "involved in," "advertising," "promotion," "margarines," "nature of

3  employment," and "address of employment."  Unilever also objects to the request contains

4  subparts and/or is compound.  Unilever also objects to the time limit as not being limited to the

5  relevant time period in this lawsuit and is therefore overly broad, unduly burdensome, and not

6  likely to lead to the discovery of admissible evidence.

7  Unilever objects to this request to the extent that it seeks information protected by the

8  attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

9  Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

10  confidential, proprietary, and/or commercially sensitive information.

11  Subject to these objections and all General Objections and Objections to Definitions, the

12  Unilever will respond to the extent necessary once discovery is appropriate.

13  **INTERROGATORY NO. 5:**

14  List the amount of partially hydrogenated oil and trans fat for each product described in

15  the complaint to the nearest one hundred milligrams and to the extent the amount was not the

16  same during the class period. List the dates and amounts during those dates.

17  **RESPONSE TO INTERROGATORY NO. 5:**

18  Unilever incorporates by reference its General Objections and Objections to Definitions

19  and Instructions as though fully set forth herein.  Unilever further objects that this request is

20  overly broad and unduly burdensome, as to, but not limited to, the terms "amount," "to the

21  nearest one hundred milligrams," "to the extent the amount was not the same during the class

22  period," and "[l]ist the dates and amounts during those dates."  The request is not reasonably

23  calculated to lead to the discovery of admissible evidence.  Moreover, this request is vague and

24  ambiguous as to, but not limited to, the terms "amount," "to the nearest one hundred milligrams,"

25  "partially hydrogenated oil," "trans fat," and "to the extent the amount was not the same during

26  the class period."  Unilever also objects to the request contains subparts and/or is compound.

27  Unilever also objects to the time limit as not being limited to the relevant time period in this

28  lawsuit and is therefore overly broad, unduly burdensome, and not likely to lead to the discovery

1  of admissible evidence.  Unilever also objects to the request to the extent it calls for information

2  that is not scientifically or economically feasible.

3        Unilever objects to this request to the extent that it seeks information protected by the

4  attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

5  Additionally, the Unilever objects to this request to the extent it seeks a trade secret or

6  confidential, proprietary, and/or commercially sensitive information.

7  Subject to these objections and all General Objections and Objections to Definitions, the Unilever

8  will respond to the extent necessary once discovery is appropriate.

9

10  Dated: March 4, 2010                         WILLIAM L. STERN
                                                 JANELLE J. SAHOURIA
11                                               MORRISON & FOERSTER LLP

12                                               By:
                                                    Janelle J. Sahouria
13

14                                               Attorneys for Defendant
                                                 UNILEVER UNITED STATES, INC.
15                                               AND UNILEVER PLC

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit G

# B E C K   &   L E E
### b u s i n e s s   t r i a l   l a w y e r s   m i a m i

Courthouse Plaza Building
28 West Flagler Street Suite 555 | Miami, Florida 33130

TEL: 305-789-0072
FAX: 786-664-3334
www.beckandlee.com

March 15, 2010

**<u>Via E-Mail</u>**

Janelle J. Sahouria, Esq.
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
jsahouria@mofo.com

     Re:    *Red et al. v. Unilever United States, Inc. et al.*

Dear Janelle:

We are in receipt of Unilever's "responses" to Plaintiffs' discovery requests, i.e., Plaintiffs' First and Second Sets of Interrogatories, and First Set of Requests for Production. Unfortunately, Unilever's responses are not responsive at all but conclude, as to each request, that "Unilever will respond to the extent necessary once discovery is appropriate."

Allow me to reiterate: discovery is absolutely appropriate at this stage give that we participated in a telephonic discovery conference nearly two months ago, on January 15, 2010. Accordingly, and pursuant to Fed R. Civ. P. 26(f), Unilever is obligated to serve proper responses to those discovery requests served by Plaintiffs. For document requests, that means indicating which documents will be produced subject to any appropriately promulgated objections. For interrogatories, that means providing us with proper sworn answers.

Moreover, as we previously noted, Unilever has yet to produce its Initial Disclosures, which were due 14 days after the discovery conference pursuant to Rule 26(f). They are now almost two months overdue. Additionally, while Plaintiffs provided a proposed stipulation on electronic discovery issues on January 29th, Unilever has yet to either agree to that proposal or offer one of its own.

We would rather not have to file a motion on these rather basic issues, but your client's persistent intransience leaves us with little choice. Accordingly I ask that within 7 days of this letter, Unilever serve bona fide responses to our discovery requests so that we may confer on any objections and receive responsive documents. I also request that within 7 days, Unilever

Ms. Janelle J. Sahouria, Esq.
March 15, 2010
Page **2** of **2**

serve its Initial Disclosures and respond to our previously proposed stipulation on electronic discovery.  Failure to do so will force us to file a motion to compel.

Very truly yours,

Jared H. Beck, Esq.

cc:    Gregory Weston, Esq.
       Elizabeth Lee Beck, Esq.

# Exhibit H

**Gregory S. Weston**

| | |
|---|---|
| **From:** | Sahouria, Janelle J. [JSahouria@mofo.com] |
| **Sent:** | Monday, March 22, 2010 3:20 PM |
| **To:** | jared@beckandlee.com |
| **Cc:** | elizabeth@beckandlee.com; Gregory S. Weston; Stern, William L. |
| **Subject:** | RE: Red et al v. Unilever United States, Inc. et el. |

Dear Jared,

Thank you for your letter.  We do intend to serve the Initial Disclosures, but are still in the process of investigating.  We are waiting to hear back from the client and hope to serve the disclosures this week

Best,

Janelle

---

**From:** Johanna Carranza [mailto:johanna@beckandlee.com]
**Sent:** Monday, March 15, 2010 9:44 AM
**To:** Sahouria, Janelle J.
**Cc:** 'Elizabeth Lee Beck'; 'Jared H. Beck'; greg@westonfirm.com
**Subject:** Red et al v. Unilever United States, Inc. et el.

Ms. Sahouria,
Please see attached correspondence in regards to the above referenced matter. Should you have any additional questions or concerns, please feel free to contact me at any time.

Kind Regards,

JOHANNA CARRANZA | Paralegal | Beck & Lee Business Trial Lawyers
Courthouse Plaza Building | 28 West Flagler Street Suite 555 | Miami, Florida 33130
305-789-0072 Phone | 786-206-2447 Fax
johanna@beckandlee.com | www.beckandlee.com

------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

==============================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by

# Exhibit I

MORRISON | FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

NORTHERN VIRGINIA, DENVER,
SACRAMENTO, WALNUT CREEK

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG

March 23, 2010

Writer's Direct Contact
415.268.7368
JSahouria@mofo.com

Via E-Mail greg@westonfirm.com

Gregory S. Weston
888 Turquoise Street
San Diego, CA 92109

Re:   *Red, et al. v. Unilever United States, Inc., et al.*, Case No. C-10-00387 JW

Dear Mr. Weston:

Defendant Unilever United States, Inc. ("Unilever") is under no obligation to respond to plaintiffs' discovery requests pending resolution of Unilever's motion to dismiss.

Unilever filed its motion to dismiss on November 30, 2009, but was required to renotice it for hearing, for June 7, 2010, after the transfer of the case to Judge Ware.  (*Red* Dkt. No. 41.) Because the motion will either fully resolve the case or narrow the issues, discovery is inappropriate until resolution of the motion.

Our position is consistent with Judge Ware's scheduling order in the related case, *Rosen v. Unilever United States Inc.*, Case No. 09-02563 JW.  In that scheduling order, Judge Ware adopted the discovery plan proposed by both parties, which included Unilever's request that discovery not be allowed to commence until after the motion to dismiss hearing.  (*Rosen* Dkt. Nos. 23, 25.)

Additionally, Judge Ware has reset the key dates in this case, which includes the inception of discovery.  (*Red* Dkt. No. 38.)

If you have any further questions, please let me know.

Sincerely,

Janelle J. Sahouria

sf-2820815