MICHAEL R. REESE (CA SBN 206773)
mreese@reeserichman.com
Kim E. Richman
krichman@reeserichman.com
**REESE RICHMAN LLP**
875 Avenue of the Americas, 18th Floor
New York, New York, 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
**Attorney for Plaintiff in the *Rosen* action**

GREGORY S. WESTON (CA SBN 239944)
greg@westonfirm.com
**THE WESTON FIRM**
888 Turquoise Street
San Diego, California 92109
Telephone: (858) 488-1672
Facsimile: (480) 247-4553

**Attorneys for Plaintiffs in the *Red* action**
(additional plaintiffs' counsel listed on signature page)

WILLIAM L. STERN (CA SBN 96105)
wstern@mofo.com
JANELLE J. SAHOURIA (CA SBN 253699)
jsahouria@mofo.com
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

**Attorneys for Defendant CONOPCO, INC. (sued herein as UNILEVER UNITED STATES, INC.)**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

AMNON ROSEN, et al.,
_____________________________________/

EVANGELINE RED, et al. /

Plaintiff,

v.

UNILEVER UNITED STATES, INC.,

Defendant.
_____________________________________/

Case No. C-09-02563 JW

Case No. C-10-00387 JW

**CLASS ACTION**

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**

Date: April 26, 2010
Time: 10:00 a.m.
Courtroom: Hon. James S. Ware

Pursuant to Civil Local Rule 16-9, the parties to the above-entitled actions jointly submit this Joint Case Management Statement in advance of the Joint Case Management Conference scheduled for April 26, 2010.

## I. JURISDICTION AND SERVICE

### A. *Rosen*[1]

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(1) and (2). All parties have been served. The *Rosen* plaintiff intends to join additional parties once discovery is complete. *See* Part V, below.

The entity sued is Unilever United States, Inc. ("Unilever"). Defendant contends that the correct party should be Conopco, Inc. The parties will meet and confer and try to reach a stipulation regarding this issue.

### B. *Red*[2]

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) and the parties do not dispute that venue is proper.

**Plaintiffs' Position**

The Defendants in the *Red* action are Unilever United States, Inc. and Unilever PLC. Defendants have notified Plaintiffs and requested that an entity by the name of Conopco Inc. be substituted in for Defendants. However, all of the products at issue in this suit bear the name of Unilever, and nowhere bear the name Conopco Inc. Defendants have never provided evidence, only assertions, that Conopco is the only proper party in this action. In any event, Conopco is a wholly owned and controlled by Defendants; Plaintiffs assert there is no reason it needs to be substituted in on behalf of Defendants.

---

[1] *Rosen v. Unilever United States, Inc.*, Case No. C-09-02563 JW ("*Rosen*").

[2] *Red et al. v. Unilever United States Inc. and Unilever PLC*, Case No. C-10-00387 JW ("*Red*").

Plaintiffs are prepared to show that the Court has personal jurisdiction over Unilever PLC. Plaintiffs have made efforts to serve Unilever PLC via international registered mail under the Hague Convention, which was apparently refused by Unilever PLC. Counsel for Unilever United States further refuses to accept service for its parent company, despite Rule 4's requirement that a party "has a duty to avoid unnecessary expenses of serving the summons." Plaintiffs request the Court grant them an additional 14 days from the date of its order to serve and file a proof of service for Unilever PLC before issuing an order to show cause why Unilever PLC should not be dismissed with prejudice.

**Defendants' Position**

The *Red* Plaintiffs sue both Unilever United States, Inc. and Unilever PLC. As in *Rosen*, Defendant contends that the correct party should be Conopco, Inc., not Unilever United States, Inc. In addition, Unilever PLC has not been served and the 120-day deadline imposed by Federal Rules of Civil Procedure 4(m) has expired. Moreover, Defendant contends that the Court lacks personal jurisdiction over Unilever PLC. The parties have met and conferred but have not been able to reach agreement. Unilever opposes any extension of time to serve, which is being raised for the first time after the 120-day period to serve expired. Unless this Court were to dismiss Unilever PLC *sua sponte* for failure to serve, Defendant will file a motion to dismiss Unilever PLC.

## II. FACTS

### A. Brief chronology of the facts.

#### 1. *Rosen*

On June 9, 2009, Unilever was sued in the Northern District of California in a case challenging its use of partially hydrogenated vegetable oils in "I Can't Believe It's Not Butter!"® ("ICBINB!"). The plaintiff alleges that Unilever falsely and deceptively advertised ICBINB! as a "healthy and nutritious" product, as "Made With a Blend of Nutritious Oils" and superior to butter when, in fact, it is not as it contains partially hydrogenated oils, a substance the complaint states that certain medical studies report as being "dangerous, unhealthy, [and] non-nutritious." (*Rosen* Compl. ¶ 8.)

The complaint asserts claims under (i) unfair competition law (Cal. Bus. & Prof. Code § 17200), (ii) false advertising law (*id*., § 17500), and (iii) Consumer Legal Remedies Act (Civ. Code § 1750 *et seq.*). *Rosen* seeks certification of a California-only class of persons who bought "I Can't Believe It's Not Butter!" since June 2004.

**2. *Red***

On October 28, 2009, Plaintiffs Evangeline Red, Jennifer Red, and Rachel Whitt filed their proposed class action against Unilever United States, Inc. and Unilever PLC in the Central District of California, and the action was assigned to the Hon. Margaret M. Morrow. *Red* brings claims against Defendants for their statements on the packaging of (i) ICBINB! Light, (ii) ICBINB! Original, (iii) ICBINB! Cooking and Baking Sticks, (iv) Shedd's Spread Country Crock, (v) Shedd's Spread Country Crock Spreadable Sticks, (vi) Brummel & Brown, and (vii) Imperial Margarine ("products"). All the products contain partially hydrogenated vegetable oils in various concentrations and quantities, which the *Red* Plaintiffs assert are medically proven to cause heart disease, cancer, and diabetes.

Like Rosen, they note the statement on ICBINB!'s label that it is "Made With A Blend of Nutritious Oils" is false and misleading when it is in fact made with partially hydrogenated oils which, far from nutritious, cause cancer, heart disease, and diabetes. They also assert the products with labels that state "**0g Trans Fat**" in fact contain untrue and misleading statements because the products are made with partially hydrogenated vegetable oil. Additionally, the *Red* plaintiffs assert that the charts on product labels that compare Defendants' margarine products which contain partially hydrogenated vegetable oil to butter, a range of "cholesterol free" claims, and Defendants' use of health-oriented website URLs on the packaging are deceptive.

The *Red* plaintiffs bring their action under (i) the Lanham Act, 15 U.S.C. § 1125, (ii) the Unfair Competition Law (Bus. & Prof. Code § 17200), (iii) the False Advertising Law (Bus. & Prof. Code § 17500), and (iv) the Consumer Legal Remedies Act (Civ. Code § 1750 *et seq.*). *Red* seeks to certify a nationwide class of persons "who purchased, on or after January 1, 2000, one or more Unilever margarine products containing artificial trans fat ...."

*Red* was transferred to this District by order dated January 25, 2010. (*Red* Dkt. 28.) *Red* was ordered "related" to *Rosen* and was reassigned to this Court on February 18, 2010. (*Red* Dkt. 38.)

**B. Statement of the principal factual issues in dispute.**

Defendant contends that both *Rosen* and *Red* name the wrong Unilever entities as defendants and that the correct entity is Conopco, Inc. dba Unilever. Although Plaintiffs disagree to dismiss any defendant at this juncture, the parties are in discussion to ensure all proper entities are named as defendants.

## III. LEGAL ISSUES.

**A. *Rosen***

In *Rosen*, on November 30, 2009, Unilever filed its motion to dismiss. (*Rosen* Dkt. 20.) That motion was argued and submitted on March 1, 2010.

**B. *Red***

In *Red*, Unilever filed a motion to dismiss on November 30, 2009, while the case was still pending in the Central District of California. That motion is fully briefed (*see Red* Dkt. 11-14 (moving papers), *Red* Dkt. 22-23 (opposition papers), and *Red* Dkt. 26-27 (reply papers)). Unilever has renoticed the motion to dismiss for June 7, 2010. (*Red* Dkt. 41.)

Unilever intends to file a motion for judgment on the pleadings asking the Court to dismiss the *Red* plaintiffs' Lanham Act claim. Only a competitor may sue under the Lanham Act. *Jack Russel Terrior Network of Northern Ca. v. American Kennel Club, Inc.*, 407 F.3d 1027 (9th Cir. 2005); *National Services Group Inc. v. Painting & Decorating Contractors of America, Inc*., 2006 WL 2035465 (C.D. Cal. 2006). Plaintiffs are consumers, not competitors.

## IV. MOTIONS

**A. *Rosen***

The Court took Unilever's motion to dismiss under submission.

**B. *Red***

1. Unilever's motion to dismiss is scheduled for hearing on June 7, 2010. (*See* III.B.)

2. On March 23, 2010, the *Red* plaintiffs filed a motion to compel discovery. (*Red* Dkt. 47.) The hearing is scheduled for April 27, 2010 before Magistrate Judge Lloyd.

3. On March 31, 2010, Unilever filed a motion to stay discovery and a corresponding administrative motion to expedite the briefing schedule to allow the motion to be heard on April 26, 2010 or in the alternative to stay discovery until the case management conference on April 26, 2010. (*Red* Dkt. 50-54.) Defendants' position is these motions raise fundamental case management issues including consolidation and the start of discovery. Unilever requests that this Court address these issues during the case management conference.

## V. AMENDMENT OF PLEADINGS

### A. Plaintiffs' Position

Shortly after the Court's orders on the pending motions to dismiss the *Rosen* and *Red* Plaintiffs will file a consolidated amended complaint that adds a damages claim under the California Consumer Legal Remedies Act ("CLRA") and corrects deficiencies, if any, identified by the Court in the motion to dismiss orders. Plaintiffs also anticipate adding additional parties based upon facts to be learned in discovery, such as any and all parties that should be named as defendants.

## VI. EVIDENCE PRESERVATION

The parties in *Rosen* and *Red* are aware of their obligations to preserve evidence and are taking appropriate steps to preserve all reasonably available information that is relevant to this action. The parties will maintain any documents or materials in their possession that are reasonably likely to be relevant to this action. Unilever has taken steps to preserve evidence reasonably related to issues reasonably evident in *Rosen* and *Red*, including the preservation of electronically recorded material and the suspension of any document destruction or electronic erasure programs.

## VII. DISCLOSURES

### A. *Rosen*

The parties in *Rosen* held their 26(f) conference on November 25, 2009. Pursuant to the Rule 26(f) meet and confer, the Parties have exchanged initial disclosures.

**B. *Red***

In *Red*, the plaintiffs submitted their Rule 26(f) disclosure on January 22, 2010 and Defendant Unilever United States, Inc. ("Unilever") filed its on March 26, 2010.

## VIII. DISCOVERY

### A. Rosen

**<u>Plaintiff's Position</u>**

On December 8, 2009, this Court issued a scheduling order (Dkt. 24) setting the following discovery deadlines:

**September 27, 2010 – Close of All Discovery**

**July 26, 2010 – disclosure of expert witnesses and production of their reports**

August 23, 2010 – disclosure of rebuttal expert witnesses and production of their reports

Plaintiff contends that the scheduling order reflected the clear intent of the Court that discovery is to proceed ***now*** so that the Parties can meet September 27, 2010 discovery deadline set by the Court. In fact, the Scheduling Order states that "None of the dates set in this Order may be changed without an Order of the Court made after a motion is filed pursuant to the Civil Local Rules of this Court." Despite this clear language, Defendant has refused to produce any discovery. Plaintiff contends that Defendant's refusal is in contempt of this Court's Scheduling Order and that Defendant should be ordered to produce discovery and comply with this Court's December 8, 2009 Order.

**<u>Defendant's Position</u>**

In *Rosen*, the parties submitted a Joint Case Management on December 3, 2009. (*Rosen* Dkt. 23.) In that statement, Unilever proposed in the Joint Case Management Statement that "no discovery schedule should be entered at this time and, instead, the Court should set schedule a new Case Management Conference within 30 days of the Court's ruling on Unilever's motion to dismiss, which was scheduled for hearing on March 1, 2010." (*Rosen* Dkt. 23 at. 4:1-4.) In its December 8, 2009 Scheduling Order, this "Court adopt[ed] the Discovery Plan proposed by the parties in their Joint Case Management Statement." (*Rosen*

Dkt. 25, ¶ 2.)[3] The parties disagree over what this means: Unilever believes that the Court has adopted its position to postpone the start discovery until the motion to dismiss is decided. The *Rosen* plaintiff disagrees.

**B. *Red***

**Plaintiffs' Position**

Plaintiffs properly, after the parties' 26(f) conference, served their initial disclosures and served their initial discovery requests. Defendants since then have improperly refused to engage in discovery and requested a discovery stay no less than five times: (1) by an improperly noticed motion to the Court on March 31, (2) by administrative motion to the Court on March 31, (3) in their opposition to Plaintiffs' motion to compel pending before Judge Lloyd filed on April 6, (4) in their status report today and (5) in the present joint report today.

Plaintiffs disagree with Defendants' assertion that its motion to dismiss warrants a stay of discovery. "Discovery need not cease during the pendency of a motion to dismiss." *SK Hand Tool Corp. v. Dresser Indus., Inc.,* 852 F.2d 936, 945 n.11 (7th Cir. 1988). Motions to stay discovery—even pending a potentially dispositive motion—"are disfavored because discovery stays may interfere with judicial efficiency and cause unnecessary litigation in the future." *O'Neal v. NCO Fin. Sys., Inc.*, 2006 U.S. Dist. LEXIS 83505, at *4-5 (S.D. Cal. Nov. 16, 2006).

Defendants also improperly refused to provide their initial disclosures until after Plaintiffs' filed their motion to compel and did so more than a month after the deadline imposed by the Rule 26(a)(1)(C).

Plaintiffs oppose any unnecessary delay in this action.

---

[3] The *Rosen* plaintiff contends that this is ambiguous, and was not intended to adopt Unilever's position that discovery should await a ruling on the motion to dismiss. Additionally, the *Rosen* plaintiff's position in the Joint Case Management statement was that the Court set a discovery schedule instead of staying discovery pending resolution of Defendant's Motion to Dismiss. As stated above, the Court set September 27, 2010 as the discovery cut-off deadline.

**Defendants' Position**

First, Unilever takes the position that discovery has not started in the *Red* case. In this Court's February 17, 2010 Order (*Red* Dkt. 38), the Court vacated the previously-set dates, noting: "Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by FRCivP 16 and 26 accordingly." (*Red* Dkt. 38.) Because the first case management conference in *Red* was rescheduled to April 26, 2010, Unilever takes the position that the Court intended to reset all discovery dates.

Second, on March 31, 2010 in *Red*, Unilever filed a motion to stay discovery pending the resolution of the motion to dismiss (*Red* Dkt. 50-52) and a corresponding administrative motion asking that the motion be heard on an expedited basis on April 26, 2010 or in the alternative that discovery be stayed until April 26, 2010 (*Red* Dkt. 53-54). Because these motions raise case management issues including consolidation and the start of discovery, Unilever requests that this issue be addressed at the case management conference, which would moot both Unilever's motion to stay and the *Red* Plaintiffs' motion to compel scheduled for April 27, 2010 before Magistrate Judge Lloyd.

## IX. CLASS ACTIONS

### A. Plaintiffs' Position

Plaintiffs contend that the *Red* and *Rosen* actions are maintainable as a class action under Rule 23. The proposed class in the *Rosen* action is all Californians who have purchased ICBINB! from June 2004 to present. The proposed class in *Red* is on behalf of a nationwide class and includes ICBINB! Cooking and Baking Sticks, Shedd's Spread Country Crock, Shedd's Spread Country Crock Sticks, Brummel & Brown margarine, and Imperial Margarine. With respect to the elements of Rule 23(a), based upon the popularity of ICBINB!, Plaintiff expects that there are hundreds of thousands of class members, thereby meeting the numerosity requirement of 23(a). Based upon the uniform marketing and packaging of Unilever margarines that there are questions of law or fact common to the class. Plaintiffs also contend that their situation is typical, having purchased ICBINB! in a typical retail environment

(grocery stores in Sunnyvale, California for Rosen and in the Los Angeles area for the *Red* plaintiffs.). Plaintiffs will fairly and adequately protect the interest of the proposed class and have no conflicts with the proposed class. Plaintiffs have retained counsel experienced in class action litigation.

Given the relatively small recovery for each individualized class member (return of the purchase prices for the products), a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Rule 23(b)(2) are met as Defendants have acted or refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole. Defendants' conduct is generally applicable to the Class as a whole and Plaintiffs seek, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic policies and practices make declaratory and/or injunctive relief with respect to the Class as a whole appropriate.

**B. Defendant's Position.**

Unilever contends that *Rosen* and *Red* do not meet the legal standards for class certification under Fed. Rule 23 and are not suitable for class treatment.

**X. RELATED CASES & CONSOLIDATION**

On February 18, 2010, this Court related *Rosen* and *Red*.

**A. Plaintiffs' Position**

The plaintiffs in *Rosen* and *Red* believe that consolidation should occur, by way of the filing of a consolidated amended complaint, after the Court has ruled on the pending motions to dismiss. The *Rosen* and *Red* plaintiffs are already coordinating discovery in their respective actions and their counsel regularly correspond via e-mail and telephone.

**B. Defendants' Position**

Unilever urges consolidation of *Rosen* and *Red*. A litigant is entitled to confront an adversary that speaks with one voice. Without consolidation, Unilever will be prejudiced by having to face a "two-headed" adversary presenting conflicting demands.

Furthermore, Unilever asks this Court to appoint lead counsel for Plaintiffs.

## XI. RELIEF

The plaintiffs in both *Rosen* and *Red* pray for injunctive relief, restitution, disgorgement, compensatory and punitive damages, and attorneys' fees.

## XII. SETTLEMENT AND ADR

The parties have had several informal settlement discussions. On March 18, 2010, the parties participated in a joint mediation session with the court-appointed mediator, Mark Peterson.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to assignment of this case to a U.S. Magistrate Judge for court trial.

## XIV. OTHER REFERENCES

Not applicable.

## XV. NARROWING OF ISSUES

The parties are not aware of any issues that can be narrowed by agreement.

## XVI. EXPEDITED SCHEDULE

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

## XVII. SCHEDULING

### A. Plaintiffs' Position

As noted above, the *Rosen* plaintiff believes that this Court's Scheduling Order previously entered on December 8, 2009 should be adhered to.

### B. Defendant's Position

Unilever proposes that no discovery schedule should be entered at this time. Rather, the Court should set a discovery schedule at a new Case Management Conference to be scheduled within 30 days of the Court's ruling on Unilever's motions to dismiss in *Rosen* (which is under submission) and *Red* (which is scheduled for hearing on June 7, 2010).

## XVIII. TRIAL

Plaintiffs have requested a jury trial of this action and anticipate a trial of the consolidated action to last ten (10) business days.

Defendants estimate the trial will last five (5) to (7) trial days.

## XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Unilever filed a Certification of Interested Entities or Persons pursuant to Civil L.R. 3-16 on November 24, 2009 in *Rosen* and on November 23, 2009 in *Red*.

## SIGNATURE AND CERTIFICATION BY PARTIES AND LEAD TRIAL COUNSEL

Pursuant to Civil L.R. 16-8, each of the undersigned certifies that he or she has read the brochure entitled “Dispute Resolution Procedures in the Northern District of California,” discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

Respectfully submitted,

Dated: April 16, 2010

MICHAEL R. REESE
KIM E. RICHMAN
**REESE RICHMAN LLP**

By: /s/ Michael R. Reese
MICHAEL R. REESE

*Attorneys for Plaintiff in the Rosen action*

Dated: April 16, 2010

GREGORY S. WESTON
**THE WESTON FIRM**

By /s/ Gregory S. Weston
GREGORY S. WESTON

- and -

JARED H. BECK (CA SBN 233743)
**BECK & LEE BUSINESS TRIAL LAWYERS**
jared@beckandlee.com
28 West Flagler Street, Suite 555
Miami, FL 33130
Telephone: (305) 789-0072
Facsimile: (786) 664-3334

*Attorneys for Plaintiffs in the Red action*

Dated: April 16, 2010

WILLIAM L. STERN
JANELLE J. SAHOURIA
MORRISON & FOERSTER LLP

By: /s/ Janelle J. Sahouria
WILLIAM L. STERN
JANELLE J. SAHOURIA

*Attorneys for Defendant CONOPCO, INC. (sued herein as UNILEVER UNITED STATES, INC.)*

I, Janelle J. Sahouria, am the ECF User whose ID and password are being used to file this Joint Case Management Statement. In compliance with General Order 45, X.B., I hereby attest that Michael R. Reese and Gregory S. Weston have concurred in this filing.

Dated: April 16, 2010

JANELLE J. SAHOURIA
MORRISON & FOERSTER LLP

By: /s/ Janelle J. Sahouria
JANELLE J. SAHOURIA

**IT IS SO ORDERED:** The Joint Case Management Statement and Proposed Order is hereby adopted by the Court for the case and the parties are ordered to comply with this Order.

Dated:

______________________________
HON. JAMES S. WARE
United States District Court Judge