# Exhibit A

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| EVANGELINE RED et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:10-cv-00387 JW (HRLx) |
| UNILEVER PLC et al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Northern District of California ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Evan Lee
925 Weyburn Place, Apt. # 108, Los Angeles, CA 90024

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: 925 Weyburn Place, Apt. # 108, Los Angeles, CA 90024 | Date and Time: 09/02/2010 1:00 pm |
|---|---|

The deposition will be recorded by this method: __court stenographer__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/23/2010

*CLERK OF COURT*

OR  _[signature]_

_____
Signature of Clerk or Deputy Clerk            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Plaintiffs and the Proposed Class__, who issues or requests this subpoena, are:
Jared Beck & Elizabeth Lee Beck, Beck & Lee P.A., 28 W. Flagler St. Ste. 555, Miami, Florida 33130; e-mail: jared@beckandlee.com, elizabeth@beckandlee.com; phone number: 305-789-0072

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:10-cv-00387 JW (HRLx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# ATTACHMENT A

## I. DEFINITIONS AND INSTRUCTIONS

1. "You" and "your" mean Evan Lee.

2. "Person" means natural persons, proprietorships, public or private corporations, partnerships, trusts, joint ventures, groups, associations, organizations or other legal entities, including representatives of any such person or persons.

3. "Document" is defined to be synonymous and equal in scope to usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure. A copy or duplicate of a document which has any non-conforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing is a separate document within the meaning of this term. Documents include, by way of example only, any memorandum, letter, envelope, correspondence, electronic mail, text messages, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, report, contract, invoice, record of purchase or sale, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. Documents also include the file, folder tabs, and labels appended to or containing any documents.

4. "Communication" means the transmission, sending and/or receipt of information of any kind by and/or through any means including, but not limited to speech, writings, language (computer, foreign or otherwise), computer electronics of any kind (including, but not limited to "email" or "text messages"), magnetic tape, videotape, photographs, graphs, symbols, signs, magnetic and/or optical

disks, "floppy disks," compact discs, CD ROM discs, sound, radio and/or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types and/or other media of any kind. The term "communication" also includes, without limitation, all "documents" (as defined herein) and all inquiries, discussions, conversations, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, and/or press, publicity or trade releases.

5. "Meeting," "meet," or "met" means any assembly, convocation, encounter, or contemporaneous presence of two or more persons for any purpose, whether planned or not planned, arranged or scheduled in advance during which a communication of any kind occurred and shall include, but not be limited to, formal gatherings, conversations, video conferences, and telephone calls.

6. "Marketing" or "market" means all activities involved in the distribution of a product including, without limitation, advertising, locating and contacting prospective customers, attempting to sell, making sales presentations, selling, preparing and submitting bids, shipping products, servicing customers and the supervision and management of the same.

7. "Relating to" means in whole or in part constituting, containing, concerning, discussing, referring, describing, analyzing, identifying, evidencing, or stating.

8. The singular form of a word should be interpreted as plural wherever necessary to bring with the scope of the request any information that might otherwise be construed outside its scope.

9. The words "and" and "or" shall be construed either disjunctively or conjunctively wherever necessary to bring within the scope of this request any information that might otherwise be construed to be outside its scope.

10. In responding to this Request, you are required to furnish all

documents that are available to you, including documents in the possession, custody or control of your attorneys, officers, agents, employees, accountants, consultants, representatives, or any persons directly or indirectly employed by or connected with you or your attorneys or anyone else subject to your control. All documents that are responsive, in whole or in part, to any portion of this Request shall be produced in their entirety, including all attachments.

11. All documents should be produced as they are kept in the ordinary course of business or should be organized and labeled to correspond to the specific requests to which they are responsive. All documents should be produced in any file folder or carton in which they have been maintained, and should be stored, clipped, stapled, or otherwise arranged in the same form and manner in which they were found.

12. If and to the extent that you object to any request, state with specificity all grounds for any such objection.

13. Unless otherwise indicated, each matter or request listed below shall cover the period from January 1, 2008 to the present.

14. If you assert any claim of privilege to object to any request, and you do not respond based on that asserted privilege, state the title and nature of the document, and furnish a list signed by the attorney of record giving the following information with respect to each withheld document: (a) the name and title of the author and/or sender and the name and title of the recipient; (b) the date of the documents origination; (c) the name of each person or persons participating in the preparation of the document; (d) the name and position, if any, of each person to whom the contents of the document have been communicated by copy, exhibition, reading, or substantial summarization; (e) a statement of the specific basis on which privilege is claimed and whether or not the subject matter or the contents of that document is limited to legal advice or information provided for the purpose of

securing legal advice; and (f) the identity and position, if any, of the other person or persons supplying the attorney signing the list with the information requested in subparagraphs above.

15. In the event that any document called for by these requests has been destroyed or discarded, identify that document by stating the title (if known) and nature of the document and furnish a list signed by the attorney of record giving the following information with respect to each document: (a) any addressor or addressee; (b) any indicated or blind copies; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) its date of destruction or discard and the manner of destruction or discard; and (f) the persons authorizing or carrying out such destruction or discard.

16. The following requests are continuing in nature and in the event you become aware of or acquire additional information relating or referring thereto, such additional information is to be promptly produced.

## II. REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1

All contracts of employment between you and The Weston Firm and/or Gregory S. Weston, and any amendments or addenda thereto.

REQUEST NO. 2

All communications (including but not limited to e-mails or text messages) between you and any person referring or relating to any offer of anything of value made to anyone in exchange for agreeing to serve as a class representative in class action litigation.

REQUEST NO. 3

All documents (including but not limited to e-mails or text messages) referring or relating to any agreement or promise by The Weston Firm and/or

Gregory S. Weston to compensate a non-lawyer employee from the proceeds of any settlement or judgment.

REQUEST NO. 4

All documents (including but not limited to e-mails or text messages) referring or relating to any agreement or promise by The Weston Firm and/or Gregory S. Weston to compensate any person, including but not limited to you or Roz Sutton, in exchange for locating an individual to serve as a class representative in class action litigation.

REQUEST NO: 5

All records of payments made to you by The Weston Firm and/or Gregory S. Weston representing proceeds from settlements or judgments.

REQUEST NO. 6

All records of payments made to you by The Weston Firm and/or Gregory S. Weston representing compensation paid in exchange for locating an individual to serve as a class representative in class action litigation.