4

5   EVANGELINE RED, ET AL,   )  CV-10-00387-JW
                        )
6             PLAINTIFF,  )  SAN JOSE, CALIFORNIA
                        )
7           VS.         )
                        )  SEPTEMBER 13, 2010
8   UNILEVER UNITED STATES,   )
   INC., ET AL,           )
9                     )  PAGES 1-43
            DEFENDANT.    )
10   _____

11
              TRANSCRIPT OF PROCEEDINGS
12        BEFORE THE HONORABLE JAMES WARE
           UNITED STATES DISTRICT JUDGE
13

14
   A P P E A R A N C E S:
15

16

FOR THE PLAINTIFF:  BECK & LEE
17                  BY:  ELIZABETH LEE BECK
                  28 W. FLAGLER STREET, STE 555
18                  MIAMI, FL 33130

19

20   FOR THE DEFENDANT:  MORRISON & FOERSTER
                  BY:  WILLIAM STERN
21                     JANELLE SAHOURIA
                  425 MARKET STREET
22                  SAN FRANCISCO, CA 94105

23

      (APPEARANCES CONTINUED ON THE NEXT PAGE)
24

25   OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                    CERTIFICATE NUMBER 13185

```
 1    FOR THE PLAINTIFF:  THE WESTON FIRM
                          BY:  GREGORY WESTON
 2                             JACK FITZGERALD
                          888 TURQUOISE STREET
 3                        SAN DIEGO, CA 92109

 4

 5    FOR THE PLAINTIFF:  REESE RICHMAN, LLP
                          BY:  MICHAEL REESE
 6                             KIM RICHMAN
                          875 SIXTH AVE, 18TH FL
 7                        NEW YORK, NY 10001

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1    SAN JOSE, CALIFORNIA              SEPTEMBER 13, 2010
2                    P R O C E E D I N G S
3              (WHEREUPON, COURT CONVENED AND THE
4    FOLLOWING PROCEEDINGS WERE HELD:)
5              THE CLERK:  CALLING CASE NUMBER 10-387.
6    EVANGELINE RED, ET AL. V. UNILEVER UNITED STATES,
7    INC. ET AL.
8              ON FOR HEARING OF NOTICE OF TERMINATION
9    OF BECK & LEE AND REESE RICHMAN, LLP.
10             15 MINUTES EACH SIDE.
11             COUNSEL, PLEASE COME FORWARD AND STATE
12   YOUR APPEARANCES.
13             MR. WESTON:  GREGORY WESTON REPRESENTING
14   PLAINTIFFS EVANGELINE RED, JENNIFER RED AND RACHEL
15   WHITT.
16             WITH ME ALSO ARE JACK FITZGERALD, AND
17   SOMEONE WHO RECENTLY JOINED MY FIRM BUT HASN'T
18   FILED PRO HAC VICE YET IS IN THE AUDIENCE WITH US.
19             MS. BECK:  GOOD MORNING, YOUR HONOR.
20   ELIZABETH LEE BECK, FROM BECK & LEE ON BEHALF OF
21   THE PLAINTIFFS CLASS.
22             MR. REESE:  GOOD MORNING, YOUR HONOR.
23   MICHAEL REESE FROM REESE RICHMAN, LLP.  ALSO WITH
24   ME IS MY PARTNER KIM RICHMAN.
25             MR. STERN:  GOOD MORNING, YOUR HONOR.
```

```
 1          WILLIAM STERN FOR UNILEVER, AND WITH ME

 2    IS JANELLE SAHOURIA.

 3          THE COURT:  VERY WELL.

 4          DO I HAVE ANY PARTIES ON THE PHONE FOR

 5    THIS?

 6          THIS WAS A CASE WHERE I WANTED TO MAKE

 7    SURE THE CLASS REPRESENTATIVES WERE GIVEN AN

 8    OPPORTUNITY TO APPEAR BECAUSE THE NATURE OF THIS

 9    MOTION OR MAYBE THEY ARE HERE, PHYSICALLY PRESENT.

10          THE CLASS REPRESENTATIVES ARE EVANGELINE

11    RED, JENNIFER RED AND RACHEL WHITT.

12          MR. WESTON:  YES, YOUR HONOR.  THEY ARE

13    SITTING THERE NEXT TO MR. JACK FITZGERALD.

14          THE COURT:  THANK YOU.  THANK YOU FOR

15    COMING.

16          YOU TAKE ON A VERY IMPORTANT

17    RESPONSIBILITIES AS CLASS REPRESENTATIVES.  NOT

18    ONLY DO YOU BRING THE CASE ON YOUR OWN INDIVIDUAL

19    BEHALVES BUT YOU BRING IT ON BEHALF OF OTHERS

20    SIMILARLY SITUATED.

21          THE COURT HAS YET TO CERTIFY THE CLASS,

22    BUT PART OF ITS CONSIDERATION IS TO MAKE SURE THE

23    REPRESENTATIVES ARE ADEQUATE AND CAN TAKE ON THOSE

24    RESPONSIBILITIES.

25          THIS IS A MOTION -- WHO IS MAKING THE
```

```
1    MOTION?  WHO IS THE MOVING PARTY HERE?
2              MR. WESTON:  YOUR HONOR, IT WOULD BE MY
3    CLIENTS SITTING OVER HERE WHO HAVE ASKED FOR --
4    ASKED THE COURT TO TERMINATE THE BECK & LEE AND
5    REESE RICHMAN WHO ARE LISTED AS THEIR COUNSEL OF
6    RECORD.
7              THE COURT:  AND WHY?
8              MR. WESTON:  WE'VE HAD A NUMBER OF
9    DISPUTES WHICH ARE DESCRIBED IN GREAT DETAIL IN OUR
10   BRIEFS.
11             BUT BASICALLY, THE BECK & LEE FIRM HAS
12   BEHAVED UNPROFESSIONALLY IN REPEATED WAYS OVER THE
13   PAST FEW MONTHS.
14             AND THE SECOND GROUND IS REESE RICHMAN
15   HAS INTERFERED WITH THE PROCESS OF GOING FROM
16   SETTLEMENT TERM SHEET THAT WE HAD AGREED TO IN JUNE
17   TO A FINAL SETTLEMENT.
18             AND YOUR HONOR, BY TERMINATING THEM NOW
19   WE CAN VERY QUICKLY LET THE DEFENDANTS KNOW WHO
20   THEY NEED TO NEGOTIATE WITH AND GO FROM THAT TERM
21   SHEET TO A FULL SETTLEMENT AGREEMENT AND SEEK
22   PRELIMINARY APPROVAL FROM THE COURT.
23             THE COURT:  ALL RIGHT.
24             AND THE PLAINTIFFS HAD FORMALLY BEEN
25   REPRESENTED BY TWO SEPARATE LAW FIRMS?
```

```
 1          MR. WESTON:  YOUR HONOR, THE PLAINTIFFS

 2   HAVE ONLY RETAINED MY FIRM.  I BROUGHT THEM IN

 3   UNDER A JOINT PROSECUTION AGREEMENT.

 4          THAT AGREEMENT WAS NEVER APPROVED BY MY

 5   CLIENTS, AND UNDER RULE OF PROFESSIONAL CONDUCT

 6   2200 AND A NUMBER OF CASES WHICH IS CHAMBERS V. KAY

 7   FROM THE CALIFORNIA SUPREME COURT, A JOINT

 8   PROSECUTION AGREEMENT IS NOT SUFFICIENT TO BIND THE

 9   CLIENT OR THE OTHER ATTORNEY.

10          AND EVEN IF IT WERE BINDING, THE CLIENTS

11   HAVE THE ABSOLUTE RIGHT UNDER FURTHER SUPREME COURT

12   PRECEDENT, FRACASSE IS THE MOST NOTABLE CASE, TO

13   TERMINATE THEIR OTHER ATTORNEYS WITH OR WITHOUT

14   CAUSE.

15          AND THE CASES SAY THAT IS AN ABSOLUTE

16   RIGHT.

17          THE COURT:  WELL, SO DO I NEED CONSIDER

18   THIS MOTION?  I HAD ON THE VARIOUS DOCUMENTS BECK &

19   LEE AS THE COUNSEL FOR THE PLAINTIFFS AND THE

20   PROPOSED CLASS.

21          MR. WESTON:  YOUR HONOR, THOSE WERE FILED

22   WITHOUT MY CLIENT'S AUTHORIZATION, AND DESPITE THE

23   FACT THEY HAD SUBMITTED TO THE COURT, AND I ALSO

24   TOLD THEM BY LETTER PREVIOUSLY THEY WERE NOT TO

25   FILE ANYTHING ELSE IN THIS CLAIMING THEY REPRESENT
```

1    MY CLIENTS.

2              THE COURT:  I SEE.

3              BUT THEY HAD, AT SOME POINT UNDER THIS

4    GIANT PROSECUTION AGREEMENT, THE AUTHORITY TO FILE?

5              MR. WESTON:  WITH MY AUTHORIZATION THEY

6    DID HAVE THE AUTHORITY TO SPEAK FOR THE CLASS UNTIL

7    WE TERMINATED THEM MORE THAN A MONTH AGO.

8              THE COURT:  I SEE.

9              I IS THERE SOMEONE FROM BECK & LEE WHO

10   WANTS TO SPEAK TO THIS?

11             MS. BECK:  YES, YOUR HONOR.

12             ELIZABETH LEE BECK FOR THE PLAINTIFFS

13   PROPOSED CLASSES.

14             YOUR HONOR, IF I COULD GO THROUGH THE

15   TIMELINE, I THINK IT WOULD BE VERY ENLIGHTENING AS

16   TO WHY BECK & LEE AS COUNSEL FOR THE PLAINTIFFS

17   WHO -- THE LAW FIRM THAT HAS DONE THE BULK OF THE

18   WORK IN THE RED ACTION WHICH IS BEFORE THE COURT

19   TODAY, AND REESE RICHMAN WHO IS ALSO COUNSEL FOR

20   THE PLAINTIFFS IN THIS CASE AND THE COUNSEL OF

21   RECORD FOR THE ROSEN MATTER, THE RELATED ROSEN

22   MATTER BEFORE THE COURT HAS BEEN TERMINATED.

23             YOUR HONOR, IN THE RED VERSUS UNILEVER

24   CASE WHICH IS BEFORE THE COURT, A HEARING WAS SET

25   FOR JUNE 21ST, 2010, ON DEFENDANT'S MOTION TO

```
 1    DISMISS.  I WAS PREPARED TO ARGUE THAT HEARING

 2    BEFORE YOUR HONOR ON THAT DAY.

 3              THROUGHOUT THAT WEEKEND, WITH INPUT FROM

 4    BOTH THE WESTON FIRM AND REESE RICHMAN, I SETTLED

 5    THE CASE ON BEHALF OF THE PLAINTIFFS.

 6              THE TERMS WERE MADE FULLY -- WERE

 7    DISCLOSED FULLY TO ALL PLAINTIFFS COUNSEL.  THEY

 8    APPROVED AND THE SETTLEMENT TERM SHEET WAS SIGNED

 9    WITH MR. STERN, COUNSEL FOR THE DEFENDANT AND

10    MR. STERN AND I ANNOUNCED THE SETTLEMENT BEFORE

11    YOUR HONOR ON JUNE 21ST.

12              THE COURT:  NOW PART OF YOUR STATEMENT

13    THAT LEFT ME WANTING MORE --

14              MS. BECK:  YES, YOUR HONOR.

15              THE COURT:  -- IS THE STATEMENT THAT IT

16    WAS APPROVED BY YOUR CLIENT.

17              MS. BECK:  YOUR HONOR, NOW I WOULD LIKE

18    TO SAY THAT WHEN I SIGNED THE SETTLEMENT TERM

19    SHEET, THAT WAS WITH FULL APPROVAL BY ALL COUNSEL,

20    NOT ONLY REESE RICHMAN AND US AS COUNSEL FOR THE

21    PLAINTIFFS AND THE CLASS, BUT ALSO THE WESTON FIRM.

22              THERE'S NO DISPUTE HERE -- IT IS

23    ABSOLUTELY CLEAR THAT NO TERM --

24              THE COURT:  YOU MISHEARD ME.

25              MS. BECK:  YES, YOUR HONOR.
```

```
 1            THE COURT:  I HEARD YOU SAY IT WAS WITH
 2   APPROVAL OF COUNSEL.
 3            MS. BECK:  YES, YOUR HONOR.
 4            THE COURT:  YOU ARE LAWYERS, YOU
 5   REPRESENT THE PLAINTIFF.
 6            MS. BECK:  YES, YOUR HONOR.
 7            THE COURT:  SO YOU CAN'T SETTLE A CASE
 8   UNLESS IT'S APPROVED BY YOUR CLIENT.  YOU DON'T
 9   SETTLE IT, THEY SETTLE IT.
10            SO WHAT I WAS ASKING, ALTHOUGH A LITTLE
11   BIT PERHAPS TOO OBTUSELY IS, WHAT IS YOUR
12   REPRESENTATION WITH RESPECT TO WHETHER THE
13   PLAINTIFFS APPROVED THE SETTLEMENT?
14            MS. BECK:  MY UNDERSTANDING IS THAT THE
15   PLAINTIFFS ARE FULLY SATISFIED WITH THE TERMS OF
16   THE SETTLEMENT.
17            THE COURT:  NO, NO, THAT'S NOT ANSWERING
18   MY QUESTION.  SATISFIED IS DIFFERENT FROM
19   APPROVING.
20            WHAT WAS THE REPRESENTATION?  DID THEY
21   APPROVE THE SETTLEMENT?
22            MS. BECK:  YES, YOUR HONOR.  THROUGH THE
23   WESTON FIRM WHICH IS THE LAW FIRM THAT THEY
24   RETAINED AS THEIR ATTORNEYS.
25            THE COURT:  OKAY.  SO DO I UNDERSTAND
```

```
 1   THEN THAT YOUR REPRESENTATION IS THAT THE WESTON
 2   LAW FIRM, ON BEHALF OF THE PLAINTIFFS, SAID WE
 3   APPROVE THE SETTLEMENT?
 4            MS. BECK:  YES, YOUR HONOR.
 5            THE COURT:  WHAT'S YOUR RESPONSE TO THAT?
 6            MR. WESTON:  I WOULD DISPUTE THE BECK &
 7   LEE FIRM HAS DONE THE BULK OF THE WORK.
 8            THE COURT:  I'M TRYING TO GET TO THE
 9   QUESTION OF WHETHER OR NOT THESE PLAINTIFFS
10   APPROVED THE SETTLEMENT SO THAT I CAN -- THAT WILL
11   TAKE ME DOWN ONE ROAD.
12            BUT DID YOU OR SOMEONE ON BEHALF OF THE
13   WESTON LAW FIRM REPRESENT TO MS. BECK HERE THAT THE
14   PLAINTIFFS APPROVED THE SETTLEMENT?
15            MR. WESTON:  THE SETTLEMENT TERM SHEET BY
16   PLAINTIFFS, I DID SEE IT APPROVED.  THOSE HAD BEEN
17   AGREED BY THE PARTIES.
18            THE SETTLEMENT TERM SHEET.
19            THE COURT:  SAY THAT AGAIN.
20            DID YOU, ON BEHALF OF EVANGELINE RED
21   JENNIFER RED AND RACHEL WHITT, DID YOU SAY AS THEIR
22   LAWYER ON THEIR BEHALF, I APPROVE THE SETTLEMENT?
23            MR. WESTON:  APPROVE THE SETTLEMENT TERM
24   SHEET BUT NOT A FULL SETTLEMENT AGREEMENT.
25            THE COURT:  OKAY.
```

1    SO THAT SOUNDS LIKE YOU DID APPROVE THE

2    SETTLEMENT AND THE TERM SHEET.  OF COURSE, AS I

3    UNDERSTAND THE PRACTICE, SOMETIMES ISN'T THE WHOLE

4    THING, THEN YOU GOTTA WORK OUT THE EXACT WORDS

5    HAVING TO DO WITH THAT.

6    BUT WHY DID YOU DO THAT?  DID YOU HAVE

7    THEIR AUTHORITY TO APPROVE THE SETTLEMENT AT THAT

8    POINT?

9    MR. WESTON:  YES, I DID, YOUR HONOR.

10   THE COURT:  ALL RIGHT.

11   SO NOW WE ARE AT A POINT WHERE THERE'S AN

12   APPROVAL OF THE SETTLEMENT.  WHAT WENT WRONG?

13   MS. BECK:  THERE WAS ONE TERM IN THE

14   SETTLEMENT TERM SHEET, YOUR HONOR, ONLY ONE TERM

15   THAT IS THE SOURCE OF BASICALLY THIS ENTIRE

16   SETTLEMENT COMING TO A GRINDING HALT, YOUR HONOR.

17   AND IT ACTUALLY -- BELIEVE IT OR NOT, IT

18   DOESN'T AFFECT THE CLASS WHATSOEVER.  THERE'S --

19   THE ATTORNEY'S FEES, YOUR HONOR, THE WESTON FIRM IS

20   TAKING THE POSITION THAT ALL THE ATTORNEYS FEES IN

21   THIS CASE WHETHER THEY WERE BY BECK & LEE, WESTON

22   OR REESE RICHMAN, BE SENT TO THEIR TRUST ACCOUNT.

23   REESE RICHMAN OBJECTED, AND COUNSEL FOR

24   DEFENDANT ALSO, FROM WHAT I UNDERSTAND, HAS

25   RESERVATIONS ABOUT DOING THAT BECAUSE IT OPENS THE

1    DEFENDANTS TO LIABILITY.

2              COUNSEL FOR DEFENDANT SUGGESTS --

3              THE COURT:  WHY?  WHY DOES THE MOVEMENT

4    OF THE FUNDS TO THE TRUST ACCOUNT -- IS OWNED BY

5    WHOEVER IS THE TRUSTOR IS, NOT OWNED BY THE

6    TRUSTEE.  WHY IS PUTTING IT IN A TRUST ACCOUNT A

7    SOURCE FOR CONCERN?

8              MS. BECK:  YOUR HONOR, AT THIS POINT I

9    THINK BECK & LEE WOULD HAVE CONCERNS ABOUT THAT.

10             BECAUSE ON AUGUST 13TH THE WESTON FIRM

11   SUED MY FIRM AND REESE RICHMAN IN THEIR BACKYARD,

12   IN THE SOUTHERN DISTRICT OF CALIFORNIA, ATTEMPTING

13   TO NULLIFY THE JOINT PROSECUTION AGREEMENT.

14             YOUR HONOR, DESPITE WHAT THEY FILED IN

15   THIS CASE, DESPITE WHAT MR. WESTON REPRESENTS AS TO

16   WHY THE CLASS REPRESENTATIVES TERMINATED US, IN

17   THAT ACTION YOUR HONOR, THAT ACTION WHICH WAS FILED

18   A FEW WEEKS AGO, THEY'RE TAKING THE POSITION THAT

19   THOSE JOINT PROSECUTION AGREEMENTS ARE NULL AND

20   VOID AB INITIO BECAUSE MR. WESTON CONVENIENTLY DID

21   NOT TELL THE PLAINTIFFS THAT REESE RICHMAN AND BECK

22   & LEE WERE WORKING ON THIS CASE ON BEHALF OF THEM

23   AND THE CLASS.

24             SO MR. WESTON'S POSITION IS THAT DESPITE

25   THE CONTRIBUTIONS --

```
 1              THE COURT:  I'M SORRY, LET'S STOP AT THAT
 2    POINT.
 3              SO YOUR REPRESENTATION TO THE COURT IS
 4    THAT THE WESTON LAW FIRM HAD NOT ADVISED THE
 5    PLAINTIFFS THAT THE REESE THE BECK & LEE FIRM WAS
 6    ALSO REPRESENTING THEM?
 7              MS. BECK:  APPARENTLY, THAT IS WHAT HE
 8    HAS STATED IN THE COMPLAINT IN THE SOUTHERN
 9    DISTRICT OF CALIFORNIA.
10              I WOULD SAY THAT TO ME --
11              THE COURT:  LET ME SEE IF I CAN GET AN
12    ANSWER FROM THE PLAINTIFFS.
13              EVANGELINE RED, JENNIFER RED, RACHEL
14    WHITT, WHAT'S THE RELATIONSHIP BETWEEN EVANGELINE
15    AND JENNIFER?
16              MS. RED:  SISTERS.
17              THE COURT:  WHAT'S THE RELATIONSHIP WITH
18    RACHEL WHITT.
19              MS. WHITT:  I'M FRIENDS WITH JENNIFER
20    RED, YOUR HONOR.
21              THE COURT:  FRIENDS.
22              WHAT I'M HEARING IS YOU WERE NOT ADVISED
23    OF THE INVOLVEMENT OF BECK & LEE IN THIS
24    LITIGATION?  IS THAT TRUE?
25              MS. WHITT:  I'VE SEEN THEIR NAMES ON THE
```

```
1    FORMS THAT I SIGNED.  I AM AWARE, BUT I HAVEN'T
2    TALKED WITH MR. WESTON AND I KNOW MR. FITZGERALD.
3             THE COURT:  YOU SAW THEIR NAMES BUT YOU
4    DIDN'T KNOW WHAT THE RELATIONSHIP WAS?
5             MS. WHITT:  YES.
6             THE COURT:  NO ONE TOLD YOU THEY WERE
7    ALSO YOUR LAWYERS?
8             MS. WHITT:  I KNOW THEY ARE LAWYERS
9    BECAUSE IT STATES THERE ON THE FORMS THAT WE READ.
10            THE COURT:  SO YOU KNEW THEY WERE
11   INVOLVED SOMEHOW AS YOUR LAWYERS?
12            MS. WHITT:  YES, YOUR HONOR.
13            THE COURT:  COUNSEL?  WHAT DID YOU TELL
14   THE PLAINTIFFS ABOUT THE RELATIONSHIP WITH BECK &
15   LEE?
16            MR. WESTON:  WELL, YOUR HONOR, IT
17   ACTUALLY HAS CHANGED SOMEWHAT.
18            THE COURT:  I KNOW, BUT WHAT DID YOU TELL
19   THEM?
20            MR. WESTON:  I TOLD THEM THEY WERE
21   LAWYERS WHO WERE GOING TO ASSIST ME.  THEY HADN'T
22   BEEN DOING MUCH IN THE CASE BUT IF IT BECAME AN
23   ISSUE, IF WE WERE GOING TO TRIAL, WE WOULD NEED
24   ADDITIONAL ATTORNEYS AND THEY WERE PREPARED FOR ME
25   AND THEY HAVE SORT OF FULFILLED THAT ROLE IN THE
```

```
 1    PAST.

 2              THE COURT:  SO THEY WERE GOING TO BE THE

 3    TRIAL LAWYERS?

 4              MR. WESTON:  IF IT WERE NECESSARY.

 5              THE COURT:  ALL RIGHT.

 6              SO KEEP GOING.

 7              MS. BECK:  SO WESTON IS TAKING THE

 8    POSITION THAT OUR LAW FIRM AND REESE RICHMAN ARE

 9    NOT ENTITLED TO ANY FEES.

10              THE COURT:  LET ME STOP YOU THERE.

11              SO THE CONCERN, AS I PICK IT UP FOR

12    PUTTING THE MONEY IN THE TRUST ACCOUNT FROM THE

13    SETTLEMENT, AT THAT POINT WAS WHETHER OR NOT THE

14    QUESTION OVER THE JOINT REPRESENTATION AGREEMENT

15    WOULD CAUSE THE FIRM HOLDING THE MONEY IN THE TRUST

16    ACCOUNT, WOULD ACT INCONSISTENTLY WITH WHATEVER WAS

17    THE ARRANGEMENT UNDER THE JOINT REPRESENTATION

18    AGREEMENT?

19              MS. BECK:  I BELIEVE THAT WAS REESE

20    RICHMAN'S CONCERN AT THAT POINT.

21              NOW I WOULD LIKE TO MENTION AT THIS POINT

22    THAT DEFENDANT CAME UP WITH A VERY GOOD COMPROMISE.

23    BECAUSE THIS CASE HAS SETTLED AND THERE'S NO REASON

24    WHY THIS CASE SHOULD NOT REACH FINAL SETTLEMENT,

25    COUNSEL FOR UNILEVER SUGGESTED THAT THE ATTORNEY'S
```

```
 1   FEES NO MATTER, SHOULD BE PUT INTO A THIRD PARTY --

 2            THE COURT:  HOLD IT.  I'M SORRY.

 3            SO WHAT DID REESE RICHMAN HAVE TO DO WITH

 4   THIS CASE?

 5            MS. BECK:  YOUR HONOR, THEY ARE COUNSEL

 6   FOR THE ROSEN V. UNILEVER CASE.

 7            THE COURT:  SO THEY HAD NOTHING TO DO

 8   WITH THIS CASE?

 9            MS. BECK:  THEY ALSO SIGNED A JOINT

10   PROSECUTION AGREEMENT WITH OUR FIRMS.  THEY WERE

11   COUNSEL OF RECORD FOR THE ROSEN CASE WHICH WAS

12   DISMISSED WITH PREJUDICE BEFORE YOUR HONOR.

13            THE TWO CASES ARE RELATED.  THE RED CASE,

14   WHICH IS CURRENTLY BEFORE YOUR HONOR, ENGULFS AND

15   ENCOMPASSES THE ATTORNEYS WITH RESPECT TO THE

16   CLAIMS.

17            THE COURT:  SO THEY'RE NOT ATTORNEYS OF

18   RECORD, BUT THEY WERE CONCERNED ABOUT WHERE THE

19   MONEY WENT IN THE SETTLEMENT OF THIS CASE BECAUSE

20   IT MIGHT AFFECT THE OTHER CASE?

21            WHAT WAS THE STATUS OF THE OTHER CASE AT

22   THE POINT OF THE SETTLEMENT?

23            MS. BECK:  THE OTHER CASE WAS DISMISSED

24   WITH PREJUDICE.

25            BUT I WOULD LIKE TO MENTION, YOUR HONOR,
```

1    THAT THE SETTLEMENT -- TERM SHEET SETTLEMENT, THE

2    ROSEN APPEAL, IT DOESN'T ONLY SETTLE THE RED VERSUS

3    UNILEVER CASE BUT IT ALSO SETTLES THE ROSEN VERSUS

4    UNILEVER CASE WHICH IS CURRENTLY ON APPEAL.

5            THE COURT:  I SEE.  SO THE ROSEN

6    PLAINTIFFS --

7            MS. BECK:  YES, YOUR HONOR.

8            THE COURT:  -- WERE GOING TO OBTAIN

9    SOMETHING OF SUBSTANCE IN THE SETTLEMENT ITSELF, SO

10   THAT GAVE THE REESE RICHMAN FIRM SOME CONCERNS

11   ABOUT MAKING SURE THE FUNDS FLOWED IN A WAY THAT

12   WOULD BE CONSISTENT WITH THEIR CLIENT'S POSITION.

13           MS. BECK:  EXACTLY, YOUR HONOR.

14           AND REESE RICHMAN, I WAS IN CONTACT WITH

15   MR. MICHAEL REESE OF THE REESE RICHMAN FIRM

16   THROUGHOUT THAT SETTLEMENT WEEKEND.  HE APPROVED

17   THE TERMS, AND THERE IS NO QUESTION THAT THE

18   SETTLEMENT TERM SHEET HAD, IS APPROVED BY THE ROSEN

19   PLAINTIFF AS WELL.

20           THE COURT:  LET'S GO TO THE BOTTOM LINE.

21           THIS IS A CIVIL CASE.  AND ESPECIALLY

22   WHERE THERE IS NO CLASS CERTIFIED YET, THE CLIENTS

23   ARE ENTITLED TO BE REPRESENTED BY THE ATTORNEY OF

24   THEIR CHOICE.

25           THERE'S NO REASON WHY THE COURT WOULD

1   IMPOSE ANY REPRESENTATION TO THESE PLAINTIFFS,

2   ESPECIALLY PRIOR TO CERTIFICATION.

3           SO IF THE NAMED PLAINTIFFS WISHED TO

4   SWITCH OUT LAWYERS, WHY SHOULD THE COURT STAND IN

5   THEIR WAY?

6           MS. BECK:  YOUR HONOR, LET ME RESPOND TO

7   THAT, YOUR HONOR.

8           YOUR HONOR MENTIONED THE BOTTOM LINE.

9   THE BOTTOM LINE HERE IS THAT AFTER A CASE WAS

10  SETTLED, THE WESTON FIRM BASICALLY -- FIRST OF ALL,

11  I WOULD LIKE TO MENTION YOUR HONOR THAT EVERY

12  SINGLE CASE THAT THE WESTON FIRM HAS CITED IN ITS

13  PAPERS THAT TALKS ABOUT THE CLIENT'S ABSOLUTE RIGHT

14  TO TERMINATE CLASS COUNSEL, NONE OF THOSE CASES ARE

15  THE CLASS ACTION CONTEXT.  THEY ARE ALL INDIVIDUAL

16  CASES, YOUR HONOR.  AND IT IS CLEARLY EASY TO SEE

17  WHY.

18          BECAUSE IN A CLASS ACTION THE PLAINTIFFS

19  HAVE SUCH A NOMINAL STAKE IN THE CASE, YOUR HONOR,

20  THAT THE CLASS COUNSEL CAN MANIPULATE THE CLASS

21  REPRESENTATIVES TO ACT IN A WAY THAT IS NOT -- THAT

22  DOES NOT FURTHER THE INTERESTS OF THE CLASS, BUT

23  THEY ACT IN A WAY THAT IS TOWARDS THE

24  AGGRANDIZEMENT OF THE ATTORNEYS OR THE CLASS

25  REPRESENTATIVES.  AND THAT IS WHAT HAPPENED HERE,

YOUR HONOR.

THE CASE SETTLED AND THE WESTON FIRM MADE
THE CLASS REPRESENTATIVES TERMINATE EVERYBODY.

NOW YOUR HONOR, THE MANUAL FOR COMPLEX
LITIGATION SPEAKS TO THIS.  IT SPEAKS TO ABUSING
THE CLASS ACTION PROCEDURE FOR THE IMPROPER GAIN OF
THE ATTORNEYS AND/OR THE CLASS REPRESENTATIVES AND
THAT'S WHAT HAS HAPPENED HERE.

THE -- WHETHER OR NOT THE CLASS
REPRESENTATIVES HAVE RETAINED CLASS COUNSEL IS JUST
ONE OF MANY FACTORS THAT THE COURT MAY CONSIDER IN
APPOINTING WHO IS CLASS COUNSEL.

WHAT THE PLAINTIFFS HERE AND THE WESTON
FIRM IS TRYING DO, YOUR HONOR, IS USURP THE COURT'S
AUTHORITY TO APPOINT LEAD COUNSEL.  AND IT WOULD
MAKE A MOCKERY OF CLASS ACTIONS, YOUR HONOR.

THE COURT:  REMIND ME, DID I APPOINT LEAD
COUNSEL?

MS. BECK:  NO, SIR, YOUR HONOR, YOU DID
NOT.

THE COURT:  HOW CAN THEY USURP MY
AUTHORITY?

MS. BECK:  BECAUSE THE PLAINTIFFS ARE
BASICALLY SAYING THE CASE IS SETTLED, I WANT ALL
THE OTHER LAW FIRMS TERMINATED.  AND THE LAST MAN

STANDING IS THE WESTON FIRM, THEREBY BY A PROCESS
OF ELIMINATION THEY'RE GOING TO BE LEAD COUNSEL.

THE COURT: WELL, I DON'T SEE HOW THAT
AFFECTS THE COURT'S AUTHORITY AT ALL.

IT DOES SEEM TO ME THERE MIGHT BE A
HEALTHY LITIGATION THAT COULD GO ON BETWEEN THE
LAWYERS OVER THIS JOINT REPRESENTATION AGREEMENT
AND WHETHER OR NOT THE ATTORNEYS ARE ENTITLED TO
COMPENSATION FOR THEIR WORK PRIOR TO ITS
TERMINATION, OR DAMAGES IF IT'S IMPROPERLY
TERMINATED BECAUSE IT'S A CONTRACT.

AND JUST LIKE EVERY CONTRACT, IT CAN BE
THE SUBJECT OF LITIGATION. PERHAPS, NOT FEDERAL
COURT BECAUSE ORDINARILY WE DON'T TAKE CASES UNLESS
WE HAVE JURISDICTION. AND AT THIS POINT I DON'T
KNOW A BASIS FOR FEDERAL JURISDICTION OVER A BREACH
OF CONTRACT AGREEMENT BETWEEN LAWYERS REPRESENTING
PEOPLE IN A LITIGATION.

IT COULD BE THERE'S DIVERSITY BECAUSE I
UNDERSTAND SOME OF THESE FIRMS ARE FROM OUTSIDE OF
THE STATE, BUT I WON'T GO THERE.

YOU STILL HAVEN'T DEALT WITH MY QUESTION.
AND IT DOES SEEM TO ME THAT AT THIS STAGE OF THE
LITIGATION THE COURT WOULD DEFER TO THE WISHES OF
THE PLAINTIFFS.

1          IT DOES SEEM TO ME THAT THERE ARE

2     CIRCUMSTANCES UNDER WHICH YOU ARE CORRECT THAT I

3     SHOULD EXAMINE THOSE PLAINTIFFS TO MAKE SURE THAT

4     THEY ARE ADEQUATE AND EXAMINE THEIR LAWYER TO MAKE

5     SURE THAT THE LAWYER IS ADEQUATE.

6          BUT IT ALL STARTS WITH THEIR COMING

7     BEFORE THE COURT AS INDIVIDUAL PLAINTIFFS WITH AN

8     INDIVIDUAL -- WITH A LAWYER REPRESENTING THEM AS

9     INDIVIDUAL PLAINTIFFS THEN SEEKING TO HAVE IT

10    CERTIFIED AS A CLASS.  AND IN THAT MOTION, THE RULE

11    23 MOTION, THE COURT WOULD BECOME INVOLVED IN THE

12    REPRESENTATION ISSUE.

13          OFTEN AS IT SOUNDS LIKE IS THE CASE HERE,

14    THERE'S A SETTLEMENT.  AND PRIOR TO ANY SUBSTANTIVE

15    LITIGATION, AND I'M ALWAYS WELCOMING SETTLEMENTS

16    AND CLASS ACTION, BUT EVEN THEN, AT THAT SETTLEMENT

17    HEARING, I WOULD ENGAGE IN THE RULE 23 ANALYSIS.

18          SO IT DOES SEEM TO ME THAT I'M DISPOSED

19    TO GRANT THE PLAINTIFF'S REQUEST TO THE LAWYER OF

20    THEIR CHOICE AT LEAST AS AN INITIAL MATTER IN THIS.

21          I TAKE IT MR. STERN, YOU HAVE NO ISSUE IN

22    THIS AT ALL AS UNILEVER, OR DO YOU?

23          MR. STERN:  YOUR HONOR, WE DON'T HAVE A

24    STAKE IN IT.

25          WE FEEL, AS COUNSEL HAVE SAID, THAT THE

1    TERM SHEET IS ENFORCEABLE AND IT DESERVES AN

2    OPPORTUNITY TO BE PRESENTED.

3             THE COURT:  WELL, THAT BECOMES ANOTHER

4    MATTER.  I'VE HAD THAT SITUATION.

5             I SHOULD TELL YOU ALL, NOTHING I'M DOING

6    HERE IS ANY INDICATION THAT THE COURT WOULD ENFORCE

7    A TERM SHEET AS A SETTLEMENT.

8             IT SEEMS TO ME THAT A SETTLEMENT IS WHERE

9    EVERYBODY AGREES TO IT, THEN THERE'S A BREACH OF

10   THE SETTLEMENT AGREEMENT.  I'VE HAD THAT SITUATION

11   BUT IT'S VERY SELDOM THE COURT GETS INVOLVED IN

12   PRELIMINARY SETTLEMENT DISCUSSIONS UNLESS I'M DOING

13   IT AS SORT OF AN ADR KIND OF PROCESS TO ENFORCE

14   TERM SHEETS.

15            IT SEEMS TO ME, BY ITS VERY DEFINITION,

16   SOMETIMES THOSE ARE PRELIMINARY AND IT SAYS THE

17   PARTIES HAVE NOT REACHED A SETTLEMENT.  BUT I'VE

18   HAD TERM SHEETS THAT SAY ON THEIR FACE THIS IS A

19   FULL AND FINAL SETTLEMENT OF THE WHOLE CASE.

20            SO UNTIL I GET THERE, I WON'T COMMENT

21   FURTHER ON THAT.

22            FINAL WORDS?

23            MS. BECK:  YOUR HONOR, I WOULD JUST LIKE

24   TO REALLY BRING UP SEVERAL OTHER ISSUES THAT DID

25   NOT THAT I DIDN'T HAVE AN OPPORTUNITY BRING UP.

1          THE TIMING OF BECK & LEE'S TERMINATION

2     ALSO COINCIDES WITH A CAR RIDE I HAD WITH A

3     PARALEGAL AT THE WESTON FIRM WHERE THERE WERE SOME

4     SERIOUS CONCERNS BROUGHT UP ABOUT THE PRACTICE OF

5     THE WESTON FIRM, NAMELY THAT THE WESTON FIRM

6     PROMISES CLASS REPRESENTATIVES KICKBACK FUNDS FOR

7     BEING A REPRESENTATIVE IN A CLASS ACTION AND ALSO

8     COMPENSATES ITS NON-LAWYER EMPLOYEES WITH FEES THAT

9     ARE GENERATED FROM CLASS ACTIONS WHEN THEY SETTLE.

10          WHEN I HAD THIS CONVERSATION WITH MS. ROZ

11     SUTTON, WHO IS A RECENT COLLEGE GRADUATE AND A

12     PARALEGAL AT THE WESTON FIRM, I BEGAN AN

13     INVESTIGATION OF THE WESTON FIRM'S PRACTICES AND

14     SOON THEREAFTER WE WERE ALSO TERMINATED.

15          I WOULD LIKE TO REALLY JUST STATE TO THE

16     COURT THAT WHAT THE WESTON FIRM HAS DONE HERE IS

17     BASICALLY ON THE EVE OF A SETTLEMENT TO TERMINATE

18     ALL OF ITS CO-COUNSEL AND --

19          THE COURT:  LET ME TAKE THAT UP BECAUSE

20     THERE'S A SERIOUS CHARGE.

21          IN OTHER WORDS, FOR WHOM DID THIS

22     PARALEGAL WORK --

23          MS. BECK:  THE WESTON FIRM, YOUR HONOR.

24     HER NAME IS ROZ SUTTON.

25          THE COURT:  DO I HAVE A DECLARATION FROM

```
1   HER?
2            MR. WESTON:  YES, YOU DO, YOUR HONOR.
3   THAT'S JUST ABSOLUTELY FALSE AND IT'S SOUR GRAPES.
4            THE COURT:  JUST A MOMENT.  SO LET ME
5   FIND HER DECLARATION.
6            THE COURT:  ROZ SUTTON, IS THAT HER
7   STATEMENT?
8            MR. WESTON:  YES IT IS, YOUR HONOR.
9            THE COURT:  YOU'VE READ THIS.
10           MS. BECK:  YES, YOUR HONOR.
11           THE COURT:  IS IT TRUE WHAT'S STATED IN
12  THE AFFIDAVIT?
13           MS. BECK:  ALL I CAN TESTIFY IS THE
14  CONVERSATION I HAD WITH MS. SUTTON IN THE CAR, I
15  WAS A DIRECT WITNESS TO THAT.
16           I FILED AN AFFIDAVIT AS WELL, YOUR HONOR,
17  A DECLARATION TO THE CONVERSATION I HAD WITH
18  MS. SUTTON AND I ALSO FILED ON THE RECORD MY
19  CONTEMPORANEOUS NOTES.
20           YOUR HONOR, I WOULD ALSO LIKE TO MENTION
21  THERE WAS ANOTHER EMPLOYEE BY THE NAME OF EVAN LEE.
22  MS. SUTTON TOLD ME MR. EVAN LEE, WHO WAS NOT AN
23  ATTORNEY, WOULD BE GETTING A PERCENTAGE OF THE
24  SETTLEMENT PROCEEDS FROM THIS CASE YOUR HONOR, FROM
25  THIS CASE BECAUSE HE BILLED ON IT.
```

1          THE COURT:  WHO TOLD YOU THAT?

2          MS. BECK:  MS. SUTTON.

3          THE COURT:  I HAVE AN AFFIDAVIT FROM

4     EVAN LEE?

5          MS. BECK:  YES, YOUR HONOR.

6          THE COURT:  HAVE YOU READ THAT.

7          MS. BECK:  YES, YOUR HONOR.

8          I DON'T KNOW IF IT'S TRUE, ALL I CAN

9     TESTIFY IS THE CONVERSATION I HAD WITH MS. SUTTON.

10          I WOULD LIKE TO POINT OUT THAT MR. LEE

11     DOESN'T STATE THAT HE WILL NOT GET SOMETHING FROM

12     THE UNILEVER SETTLEMENT, HE JUST SAYS IT'S NOT A

13     PERCENTAGE.  IT MAY BE A BONUS.  ROZ SUTTON WASN'T

14     SURE ABOUT THE PERCENTAGE.

15          THE COURT:  HERE'S WHERE I'M LEFT WITH

16     THIS.

17          IF I DETERMINE THAT THE COUNSEL THAT THE

18     PLAINTIFFS DESIRE TO HAVE AS THEIR COUNSEL HAVE

19     VIOLATED THE RULES OF PROFESSIONAL CONDUCT, THAT

20     COULD LEAD THE COURT TO TAKE ACTION TO TERMINATE

21     THEM AT LEAST AS TO COUNSEL FOR THE PLAINTIFFS AS

22     CLASS REPRESENTATIVES AND PERHAPS TERMINATE THEM AS

23     INDIVIDUAL REPRESENTATIVES.

24          I DON'T KNOW WHAT TO MAKE OF THIS.  IT

25     DOES SEEM TO ME THAT YOUR STATEMENTS DO RUN

1  CONTRARY TO THESE AFFIDAVITS.

2         IT COULD BE THE AFFIANT'S ARE NOT TELLING

3  THE TRUTH, OR YOU ARE NOT TELLING THE TRUTH OR

4  EVERYBODY'S DIFFERENT VERSIONS CAN BE RECONCILED

5  WITH MORE TIME BEFORE THE COURT.

6         BUT THESE ARE MATTERS THAT ARE EXTRANEOUS

7  TO THE QUESTION BEFORE THE COURT AS TO WHETHER OR

8  NOT THE PLAINTIFFS ARE ENTITLED TO THEIR CUSTOMERS

9  OF CHOICE.

10         THESE ARE SERIOUS MATTERS HERE ON THEIR

11  FACE SUBMITTED TO THE COURT AS SWORN DECLARATIONS.

12  AND SO I ASSUME IF THE INDIVIDUALS WERE TO COME

13  FORWARD, THEY WOULD SWEAR TO IT.  SO IT MIGHT CAUSE

14  THE COURT TO TAKE THIS MATTER UP IN A SEPARATE

15  PROCEEDING.

16         MS. BECK:  YOUR HONOR, IF I MAY, ONE LAST

17  WORD.

18         THE PLAINTIFFS, THE PROPOSED CLASS

19  REPRESENTATIVES IN THIS CASE TERMINATING BECK & LEE

20  AND REESE RICHMAN IS NOT INCONSISTENT WITH BECK &

21  LEE'S POSITION THAT WHAT THE WESTON FIRM HAS DONE

22  IS VERY ABUSIVE OF THE CLASS ACTION PROCESS

23  YOUR HONOR.

24         THEY CAN CERTAINLY TERMINATE WHOMEVER

25  THEY CHOOSE TO.  BUT THE CLASS REPRESENTATIVES AND

1    CLASS COUNSEL MUST ALWAYS ACT IN THE INTEREST OF

2    THE CLASS.  AND THERE CAN BE NO POSSIBLE BENEFIT TO

3    TERMINATING LAW FIRMS, AND THEY ARE HERE,

4    YOUR HONOR.

5              I HAVE NEVER SPOKEN WITH THEM,

6    YOUR HONOR.  THEY HAVE NOT GIVEN ANY INDICATION

7    THAT THEY ARE UNHAPPY WITH THE WAY THIS LITIGATION

8    HAS PROCEEDED ON BEHALF OF THE CLASS.

9              THE WESTON FIRM HAS NOT GIVEN ANY

10   INDICATION THAT IT IS UNHAPPY WITH THE CO-COUNSEL

11   RELATIONSHIP AS TO THE WORK THAT WAS DONE.  AND IT

12   IS NOT INCONSISTENT THAT EVEN THOUGH THEY HAVE A

13   RIGHT TO TERMINATE THEIR COUNSEL, IF THEY DO SO,

14   AND THEY ARE STILL -- AND THEY THEIR LAW FIRM IS

15   LEFT TO BASICALLY TAKE OVER THIS CASE AND THE

16   SETTLEMENT HERE MAY OR MAY NOT HAPPEN BECAUSE THE

17   WESTON FIRM HAS INDICATED THAT THEY WOULD POSSIBLY

18   SEEK GREATER FEES THAN WHAT IS IN THE SETTLEMENT

19   TERM SHEET.

20             THAT IS ABUSIVE OF THE CLASS ACTION

21   PROCEDURE, YOUR HONOR.  AND IF THEY DO SO I

22   RESPECTFULLY SUBMIT TO THE COURT THAT BY

23   TERMINATING BOTH BECK & LEE AND THE REESE RICHMAN

24   THEY'RE ACTING IN CONTRAVENTION TO THE INTEREST OF

25   THE CLASS AND THEY BE SEEN AS OPT OUTS OF THE

1    CLASS, YOUR HONOR.  THEY BE SEEN AS OPT OUTS OF THE
2    CLASS.
3            THE COURT:  YOU ARE WAY AHEAD OF WHERE I
4    AM.  I DON'T REGARD THEM AS HAVING ANY AUTHORITY TO
5    TERMINATE REESE RICHMAN AS LEAST AS TO THIS CASE
6    BECAUSE I DON'T RECOGNIZE REESE RICHMAN AS THEIR
7    LAWYERS FOR PURPOSES OF THIS CASE.
8            SO REESE RICHMAN COMES TO THE CASE
9    REPRESENTING A DIFFERENT SET OF PEOPLE, I PRESUME.
10            MS. BECK:  WELL, THEY DID FILE A NOTICE
11    OF APPEARANCE IN THIS CASE.
12            THE COURT:  AS COUNSEL FOR PLAINTIFFS.
13            MS. BECK:  YES, YOUR HONOR.
14            THE COURT:  WHERE IS REESE RICHMAN?
15    MR. REESE?
16            MR. REESE:  GOOD MORNING, YOUR HONOR.
17    MICHAEL REESE FROM REESE RICHMAN.      THAT WAS
18    CORRECT.  WE FILED A NOTICE OF APPEARANCE ON BEHALF
19    OF THE REDS AND MS. WHITT IN THIS MATTER.
20            THE COURT:  SO THEY RETAINED YOU ALSO?
21            MR. REESE:  THAT'S CORRECT.
22            THE COURT:  WHEN?
23            MR. REESE:  FEBRUARY OF 2010.
24            THE COURT:  YOU MET WITH THEM AND THEY
25    SIGNED A CONTRACT WITH YOUR FIRM?

```
 1           MR. REESE:  THIS WAS BASED ON THE JOINT

 2    PROSECUTION AGREEMENT.  MR. WESTON SAID WE HAD THE

 3    RIGHT TO REPRESENT THEM.  MR. WESTON ALSO HAD THE

 4    RIGHT TO REPRESENT MR. ROSEN.

 5           THE COURT:  LET'S ME SEE IF I CAN

 6    UNBUNDLE THAT.

 7           IN OTHER WORDS, IN THIS JOINT PROSECUTION

 8    AGREEMENT, I WAS TREATING THAT AS A CONTRACT AMONG

 9    THE LAWYERS.  BUT YOU TREAT IT AS THOUGH IT WAS

10    MR. WESTON'S STATEMENT ON BEHALF OF THE PLAINTIFFS,

11    YOU ARE RETAINED AS COUNSEL FOR PLAINTIFFS?

12           MR. REESE:  THAT'S CORRECT.

13           THE COURT:  DO YOU HAVE A COPY OF THAT?

14           MS. BECK:  YOUR HONOR, WE FILED, IF YOU

15    COULD -- IF THE COURT WILL BEAR WITH ME, I WILL

16    FIND THE DOCUMENT.

17           THE COURT:  IF YOU FILED IT, I SHOULD

18    HAVE IT.

19           MS. BECK:  IT'S THE DECLARATION.

20           THE COURT:  THE JOINT PROSECUTION

21    AGREEMENT.

22           MS. BECK:  YES, YOUR HONOR.  IT IS

23    EXHIBIT 1 TO DOCKET NUMBER 81.

24           THE COURT:  I DON'T THINK OF THINGS IN

25    NUMBERS, WHOSE DECLARATION IS IT?
```

```
1              MS. BECK:  IT'S MY DECLARATION,

2    SUPPLEMENTAL DECLARATION OF ELIZABETH LEE BECK,

3    FILED ON AUGUST 27TH.

4              YOUR HONOR, I WOULD ALSO LIKE TO

5    MENTION --

6              THE COURT:  JUST A MOMENT, ONE THING AT A

7    TIME.

8

9              MS. BECK:  IT'S THE DECLARATION OF GERALD

10   H. BECK.

11             THE COURT:  CAN'T FIND IT READILY, SO IF

12   YOU HAVE AN EXTRA COPY OF THIS REPRESENTATION

13   AGREEMENT, I WOULD LIKE TO SEE IT.

14             MS. BECK:  IT'S THE ONLY COPY WE HAVE BUT

15   I WILL BE HAPPY TO BRING IT UP.

16             THE COURT:  GIVE IT TO THE CLERK.

17             THE COURT:  YOU'VE SEEN THIS?

18             MR. WESTON:  YES, YOUR HONOR.

19             YOU MAY NOTE ON ITS FACE IT SAYS IT IS

20   VOID UNLESS IT HAS THE CLIENT'S APPROVAL.  AND YOU

21   HAVE NO CLAIM THAT THE CLIENTS HAVE APPROVED IT.

22             MS. BECK:  I'VE ALSO SUBMITTED TO THE

23   COURT EXHIBIT 1 TO MY DECLARATION WHICH IS AN

24   E-MAIL FROM MR. WESTON TO MYSELF AND MICHAEL REESE

25   SAYING HE JUST REPRESENTED TO THE COURT,
```

1    YOUR HONOR, THAT THE PLAINTIFFS NEVER HIRED US.

2          BUT IN THE E-MAIL THAT HE WROTE TO US

3    SOMETHING, THAT I JUST SUBMITTED TO THE COURT,

4    FILED ON ECF, IN THAT E-MAIL HE STATES TO US THE

5    CLIENT AGREEMENTS PERMIT OTHER LAW FIRMS TO

6    PARTICIPATE, SO I DON'T THINK IT'S NECESSARY THAT

7    WE SIGN ANOTHER AGREEMENT.

8          THAT IS A DIRECT MISREPRESENTATION.

9          THE COURT:  LET ME READ THIS.

10         WELL, I BRIEFLY REVIEWED THIS DOCUMENT

11   THAT'S MARKED EXHIBIT A.  WHICH IS PART OF WHAT

12   APPEARS TO BE DOCUMENT 73-1 FILED ELECTRONICALLY

13   FILED PERHAPS IN THIS CASE, IT DOESN'T HAVE --

14         MS. BECK:  YES, IT WAS FILED IN THIS CASE

15   YOUR HONOR.

16         THE COURT:  ALL RIGHT.  THEN I LOOKED AT

17   THIS E-MAIL.  I CAN'T WHAT IS IT YOU THINK IS

18   IMPORTANT FROM THIS E-MAIL.

19         MS. BECK:  THAT E-MAIL SHOWS THAT

20   MR. WESTON A'S ENTIRE BASIS FOR TERMINATING HAVING

21   HIS CLASS ACTION REPRESENTATIVES TERMINATE

22   CO-COUNSEL IS, WELL, YOU KNOW, THEY NEVER SIGNED AN

23   AGREEMENT WITH YOU.

24         BUT THAT E-MAIL SHOWS THAT MR. WESTON

25   KNEW ALL ALONG THAT THE AGREEMENT WITH HIS CLIENTS

1  PERMITTED OTHER ATTORNEYS TO FILE, TO WORK ON THEIR

2  BEHALF.  AND I THINK THAT THAT IS INCREDIBLY BAD

3  FAITH TO HAVE -- TO LITIGATE A CASE ON BEHALF OF A

4  CLASS AND ON THE EVE OF A SETTLEMENT JUST FIRE

5  EVERYBODY.

6          I THINK THAT THAT BEHAVIOR COULD REEK

7  HAVOC IN CLASS ACTIONS, YOUR HONOR.

8          THE COURT:  WHAT I WAS ATTEMPTING TO DO

9  IS TO SEPARATE THAT FROM THE ON GOING CASE.

10          WHAT'S THE POSITION OF THE TWO LAW FIRMS

11  THAT THE PLAINTIFFS INDICATE THEY WISH TO TERMINATE

12  AS TO WHY YOU WOULDN'T BE PROTECTED FOR THE WORK

13  YOU'VE DONE TO DATE BY YOUR JOINT PROSECUTION

14  AGREEMENT?

15          MS. BECK:  WELL YOUR HONOR, I WOULD FIRST

16  LIKE TO STATE THAT THERE ARE CONCERNS ABOUT THE

17  ADEQUACY OF BOTH THE CLASS REPRESENTATIVES AND THE

18  COUNSEL FOR THE CLASS.  THAT WOULD BE THE FIRST

19  CONCERN.  BUT --

20          THE COURT:  WHY WOULD THAT HAVE ANYTHING

21  TO DO WITH THE JOINT PROSECUTION AGREEMENT?

22          MR. REESE:  IF I MAY FIELD THIS, IF

23  THAT'S OKAY.  IT'S BECAUSE MR. WESTON SUED BOTH MY

24  FIRM AND MS. BECK'S FIRM SAYING THAT THAT AGREEMENT

25  IS NULL AND VOID BECAUSE I NEVER TOLD MY CLIENTS

```
 1    ABOUT IT.

 2              HE'S FILED A FEDERAL ACTION AGAINST BOTH

 3    OF OUR FIRMS IN THE SOUTHERN DISTRICT OF CALIFORNIA

 4    SAN DIEGO DIVISION ASKING FOR DECLARATORY JUDGMENT

 5    FROM THE COURT DOWN THERE THAT THAT CONTRACT IS

 6    UNENFORCEABLE

 7              THE COURT:  LET ME SEE.  MAYBE THAT

 8    CREATES A CONFLICT.

 9              BUT IT SEEMS TO ME IN THE COURSE OF THAT

10    LITIGATION, THAT JUDGE WILL DECIDE WHETHER OR NOT

11    THIS AGREEMENT IS VALID OR INVALID.  CORRECT?

12              MR. REESE:  THAT'S POSSIBLE; THAT'S

13    CORRECT.

14              THE COURT:  I ALSO READ THAT THERE'S AN

15    ARBITRATION CLAUSE IN THE CONTRACT ITSELF.

16              SO I WON'T GET INTO WHETHER, BECAUSE THAT

17    CASE IS NOT PENDING BEFORE ME, BUT WHAT I'M TRYING

18    TO GET TO IS AND MAYBE THE CONFLICT OF INTEREST IS

19    THE ANSWER.

20              WHAT IS IT ABOUT THE FACT THAT THERE'S A

21    DISPUTE OVER THE JOINT PROSECUTION AGREEMENT THAT

22    AFFECTS THE RIGHT OF THE PLAINTIFFS TO CHOOSE THE

23    LAWYER TO GO FORWARD WITH THE LITIGATION?

24              MS. BECK:  YOUR HONOR, THE ONLY -- THE

25    DISPUTE AS TO THE ENTITLEMENT OF FEES, YOUR HONOR,
```

IS A DISPUTE THAT IS OUR POSITION AND REESE
RICHMAN'S POSITION TO BE RESOLVED ANOTHER DAY. IT
DOESN'T AFFECT THE CLASS, IT'S A DISPUTE TO BE
RESOLVED ANOTHER DAY.

BUT THE DISPUTE HERE, YOUR HONOR, THE
DISPUTE THAT HAS BROUGHT EVERYTHING TO A GRINDING
HALT IS THAT THE WESTON FIRM IS DEMANDED --
UNILEVER HAS SUGGESTED LOOK, WHY DON'T I JUST
SUGGEST THAT I PUT ALL THE ATTORNEY'S FEES INTO A
BANK, A THIRD PARTY TRUST ACCOUNT AT U.S. BANK,
AND, YOU KNOW, YOU PLAINTIFFS FIRMS CAN GO SETTLE
YOUR DISPUTE, AND THIS SETTLEMENT IN RED ON BEHALF
OF THE CLASS IS PROCEED.

MR. WESTON HAS COMPLETELY REJECTED THAT
PROPOSAL. HE IS DEMANDING TODAY THROUGHOUT THIS,
EVER SINCE THE SETTLEMENT, TERM SHEET WAS SIGNED,
THE WESTON'S FIRM A POSITION IS NO, NO, NO, NO, ALL
THE FEES MUST COME FROM MY TRUST ACCOUNT.

REESE RICHMAN HAD RESERVATIONS ABOUT
THAT. HE SAID, I'M NOT COMFORTABLE, WHY DON'T WE
PUT IT TO THE THIRD PARTY TRUST ACCOUNT.

AND NOW BECK & LEE HAS RESERVATIONS
BECAUSE THIS WAS THE COMPLAINT THAT WAS FILED IN
THE SOUTHERN DISTRICT OF CALIFORNIA, YOUR HONOR.
IT BASICALLY SAYS IF YOUR HONOR, I CAN SUBMIT IT TO

```
 1    THE COURT BUT IT WAS FILED IN THIS CASE AS AN
 2    EXHIBIT.
 3            BUT IF THAT'S -- WE HAVE RESERVATIONS
 4    ABOUT WHAT MR. WESTON IS DEMANDING ALL THE FEES BE
 5    PUT INTO HIS TRUST ACCOUNT.  AND FROM WHAT I
 6    UNDERSTAND UNILEVER HAS CONCERNS ABOUT THAT.  I
 7    THINK THE BEST OPTION IS TO PUT IT INTO A THIRD
 8    PARTY TRUST ACCOUNT.
 9            THAT'S THE ONLY DISPUTE HERE THAT HAS
10    BROUGHT EVERYTHING TO A GRINDING HALT.  AND ALONG
11    WITH MY CONVERSATION WITH MS. SUTTON WITH NO NOTICE
12    WHATSOEVER --
13            THE COURT:  LET ME DISRUPT YOU.
14            SO ON BEHALF OF THE PLAINTIFFS,
15    MR. WESTON, IS IT THE INTENT OF THE PLAINTIFF SO
16    FAR AS YOU KNOW AT THIS POINT TO PROCEED WITH THE
17    SETTLEMENT BUT FOR THIS QUESTION HAVING TO DO WITH
18    THE FEES?
19            MR. WESTON:  THAT'S CORRECT, YOUR HONOR.
20    WE SUBMITTED A FULL SETTLEMENT AGREEMENT BASED ON
21    THE TERM SHEET TO THE DEFENDANT.
22            MY CLIENTS VIEWED IT AND BELIEVE IT'S
23    GOOD FOR THE CLASS.  AND WE ARE PREPARED TO SUBMIT
24    IT.
25            THE COURT:  AND UNILEVER IS CONTENT WITH
```

```
 1    THE SETTLEMENT?

 2              MR. STERN:  WE ARE, YOUR HONOR.

 3              THE COURT:  SO THAT JUST AS TO THE RED

 4    ACTION, IT SEEMS TO ME THAT -- WHAT IS YOUR

 5    OBJECTION TO PUTTING THE SETTLEMENT PROCEEDS,

 6    WHATEVER THEY ARE, INTO A THIRD PARTY ACCOUNT TO BE

 7    DISTRIBUTED ACCORDING TO FURTHER ORDERS OF THE

 8    COURT?

 9              MR. WESTON:  FIRST OF ALL, THAT THIS

10    ACTUALLY INVOLVES TEN DIFFERENT ACTIONS AND HAVING

11    THEM DISPUTE WITH ME OVER AND DELAY SETTLEMENT

12    WHICH HAS OCCURRED HERE ALREADY, IN 10, 11, 12

13    DIFFERENT ACTIONS, THERE'S SEVERAL CONTEMPLATED

14    ACTIONS THAT MY FIRM WILL LIKELY FILE IN THE COMING

15    YEAR, IS GROSSLY INEFFICIENT.

16              I WOULD POINT OUT THAT YOUR HONOR'S

17    SUGGESTION THAT THIS IS A MATTER FOR THE OTHER CASE

18    IS ONE THAT HAS BEEN ADOPTED BY THE NINTH CIRCUIT

19    IN MOORE V. TEFLON.  THERE THE COURT SAID THE

20    DETERMINATION OF FEES WOULD HAVE BEEN A TIME

21    CONSUMING ACTIVITY WHICH WOULD HAVE SUBJECTED THE

22    OPPOSING PARTIES AND THE COURT TO DELAY IN

23    VEXATION --

24              THE COURT:  I DON'T FEEL VEXED AT ALL BUT

25    I DO FEEL YOU HAVEN'T ANSWERED MY QUESTION EXCEPT
```

```
1    FOR EFFICIENCY.

2              SAY AGAIN, WHAT IS YOUR OBJECTION TO

3    PUTTING -- SINCE THERE'S AN AGREED SETTLEMENT, BUT

4    THERE IS ADMITTED TO BE DISPUTES AMONG THE LAWYERS

5    WITH RESPECT TO THE HANDLING AND THE DISTRIBUTION

6    OF FEES AND ALL OF THAT, WHAT IS YOUR OBJECTION TO

7    PUTTING THE PROCEEDS OF THE SETTLEMENT SO THE CLASS

8    IS PROTECTED AND NOT INVOLVED IN ONE LAWYER'S

9    SAYING, WELL, I GET ALL THE MONEY OR I GET SOME

10   PORTION OF IT INCONSISTENT, AND SINCE THAT'S IN

11   YOUR ACCOUNT, YOU CAN TELL THE BANK TO DO WHATEVER

12   YOU WOULD WISH TO DO WITH THE MONEY.

13             WHAT WOULD BE YOUR OBJECTION TO THE MONEY

14   BEING HELD IN A THIRD PARTY TRUST ACCOUNT?

15             MR. WESTON:  MY OBJECTION IS THAT -- WE

16   HAVE A SECTION HERE.  THE ONLY RECOURSE OF THE

17   TERMINATED FIRMS IS AGAINST THE WESTON FIRM.

18             I AM NOT PERMITTED TO SHARE FEES WITHOUT

19   THE CONSENT MIGHT HAVE CLIENTS, AND THEY HAVE

20   REFUSED CONSENT, AND I THINK THAT'S THE RIGHT

21   COURSE OF ACTION TO REFUSE CONSENT.

22             THE COURT:  THAT GOES TO THE MERITS OF

23   WHETHER THIS JOINT PROSECUTION AGREEMENT HAS

24   VALIDITY AND WHETHER IT SHOULD GOVERN THE

25   DISTRIBUTION OF FUNDS.
```

1          SO IT DOES SOUND TO ME LIKE THERE'S A

2    LEGITIMATE CONCERN, IF YOU TAKE THAT POSITION, THAT

3    CONSISTENT WITH YOUR POSITION YOU CAN SAY, I CAN'T

4    SHARE FEES, I'VE SPENT ALL THE MONEY.

5          MR. WESTON:  I DON'T THINK THEY SHOWED

6    LEGAL ENTITLEMENT TO HAVE THE FUNDS FROZEN.

7          THE COURT:  THEY HAVE SHOWN LEGAL

8    ENTITLEMENT AS A RESULT OF A JOINT PROSECUTION

9    AGREEMENT.

10          MR. WESTON:  YOUR HONOR, WE HAVE A NUMBER

11    OF CASES IN HERE, BUT THAT AGREEMENT IS VOID ON ITS

12    CASE.

13          THE COURT:  UNTIL IT'S DECLARED VOID.

14          IN OTHER WORDS, THERE'S LITIGATION

15    SOMEBODY HAS RAISED OVER THIS, I HEARD YOU FILED

16    IT.

17          MR. WESTON:  YES.

18          THE COURT:  SO YOU ARE NOT THE JUDGE.

19    YOU CAN'T DECIDE IT'S VOID ON ITS FACE.

20          IT DOES SEEM TO ME, THEN, THAT THE

21    COURT'S ACTION OF TERMINATING THE LAWYERS MIGHT

22    HAVE EVIDENTIARY VALUE IN THIS DISPUTE.

23          IT DOES SEEM TO ME THAT RATHER THAN MY

24    MAKE A JUDGMENT ABOUT THE EFFECT OF THIS JOINT

25    PROSECUTION AND WHO HAS THE AUTHORITY, THE

```
1    PLAINTIFFS CERTAINLY AS INDIVIDUALS HAVE THE RIGHT
2    TO DESIGNATE THEIR LAWYERS.
3            BUT IF THEIR EXPRESSED INTENT IS TO
4    PROCEED WITH THE SETTLEMENT WHICH WAS NEGOTIATED
5    WHEN ALL THREE FIRMS WERE REPRESENTING THEM, THAT
6    FOR ME NOW TO TAKE A POSITION TERMINATING ONE FIRM
7    OR THE OTHER COULD AFFECT THE ULTIMATE DISTRIBUTION
8    OF THE FUNDS.
9            SO IT SEEMS TO ME THE WISEST THING FOR
10   THE COURT TO DO WOULD BE TO ORDER THE FUNDS PLACED
11   INTO A THIRD PARTY ACCOUNT TO APPOINT SOMEONE TO
12   HOLD ON TO THAT ACCOUNT AND ONLY DISBURSE THE FUNDS
13   ACCORDING TO FURTHER ORDER OF THIS OR ANY OTHER
14   COURT THAT HAS JURISDICTION OF THOSE FUNDS BECAUSE
15   IT SOUNDS LIKE THE FUNDS ARE INVOLVED IN OTHER
16   LITIGATIONS, IT BEHOOVES THE PARTIES, PERHAPS, TO
17   PUT IT ALL IN ONE PLACE, BUT I WILL LEAVE THAT AS
18   IT IS.
19           AND TO DENY THE MOTION.  IT PAINS ME TO
20   DO SO BECAUSE IT'S IN YOUR INTEREST TO GO THROUGH
21   WITH THE SETTLEMENT AND IT SOUNDS LIKE THE MOST
22   EXPEDITIOUS WAY.
23           IF I MAKE AN ORDER HERE, THERE PROBABLY
24   ARE WRITS AND APPEALS THAT CAN BE TAKEN FROM THAT.
25   AND IF I DON'T TAKE ANY ACTION AND SIMPLY PUT THE
```

MONEY IN AND SAY, LET'S FIGURE OUT WHERE THE MONEY
GOES, ACCORDING TO THE SETTLEMENT EVERYBODY AGREES
THAT'S THE MOST EFFICIENT WAY, THAT'S THE ORDER I
WILL MAKE.

THANK YOU ALL VERY MUCH.  YOU CAN HAVE
YOUR DOCUMENT BACK BECAUSE I THINK I PROBABLY HAVE
MINE.

MS. BECK:  YOUR HONOR, I BEG THE COURT'S
PARDON.  DID THE COURT GRANT OR DENY THE MOTION TO
TERMINATE OR AFFIRM?

THE COURT:  I WILL WRITE MY ORDER.

THE TENTATIVE DECISION OF THE COURT IS TO
DENY THE MOTION UNDER THE CIRCUMSTANCES.

MR. WESTON:  YOUR HONOR, MAY I MAKE
ANOTHER POINT?

THE COURT:  CERTAINLY.

MR. WESTON:  OKAY.  THANK YOU,
YOUR HONOR.

I WOULD DIRECT THE COURT TO EXHIBIT M OF
MY DECLARATION AND ITS CONTENTS.  IN IT THIS IS
WHAT MS. BECK SAID TO ME SEVERAL MONTHS AGO.

MS. BECK:  YOUR HONOR, MR. WESTON FILED A
LOT OF --

MR. WESTON:  YOU WANT TO ARBITRATE THIS
FEE FIGHT.  YOU SAID, YOU WANT TO TAKE THIS TO THE

```
 1    COURT AND ARBITRATE OUR WORKING RELATIONSHIP OVER A
 2    CRUMMY FIRST SETTLEMENT.  IS THE UNILEVER
 3    SETTLEMENT THAT IMPORTANT TO YOU, BECAUSE IT'S NOT
 4    TO ME IN THE GRAND SCHEME OF THINGS.  I DON'T GET
 5    SCREWED OVER AS A MATTER OF PRINCIPLE EVEN IF IT'S
 6    OVER A NICKEL.
 7              YOUR HONOR, THEY DISRUPTED THE SETTLEMENT
 8    AND PART OF THE SETTLEMENT REQUIRES THE PARTIES TO
 9    MEET AND CONFER ON A VERY SUBSTANTIAL TERM HOW
10    UNILEVER WILL BENEFIT THE CLASS BY REMOVING OR
11    REDUCING THE AMOUNT OF TRANS FAT IN ITS SOLID
12    MARGARINES THAT REQUIRES MEET AND CONFER PROCESS.
13              AND UNILEVER IS NOT GOING TO BE ABLE TO
14    DO THAT UNLESS WHO REPRESENTS THE CLIENTS IS
15    DETERMINED.
16              THE COURT:  WELL, I THINK THAT FOR
17    PURPOSES OF THE SETTLEMENT WHENEVER THAT SETTLEMENT
18    IS PRESENTED TO ME I CAN DEAL WITH THAT.
19              I DON'T CARE TO BE INVOLVED IN THE
20    INFORMAL COMMUNICATIONS THAT COUNSEL EXCHANGE
21    BETWEEN AND AMONG THEMSELVES, AND SOMETIME YOU USE
22    LANGUAGE THAT YOU WOULD NEVER USE BEFORE THE COURT.
23    I UNDERSTAND THAT.  I PRACTICED LAW MYSELF FOR
24    15 YEARS.
25              SO I MADE MY DECISION.  THANK YOU, ALL.
```

```
 1          MR. WESTON:  THANK YOU, YOUR HONOR.

 2          (WHEREUPON, THE PROCEEDINGS IN THIS

 3   MATTER WERE CONCLUDED.)

 4

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1

2

3

4                    **<u>CERTIFICATE OF REPORTER</u>**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9    REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10   THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11   FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12   CERTIFY:

13             THAT THE FOREGOING TRANSCRIPT,

14   CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15   CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16   SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17   HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18   TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22             _____
               SUMMER A. FISHER, CSR, CRR
23             CERTIFICATE NUMBER 13185

24

25