1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Evangeline Red, et al., | NO. C 10-00387 JW |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS'** |
| v. | **MOTION TO TERMINATE BECK & LEE** |
| | **AND REESE RICHMAN AS COUNSEL OF** |
| Unilever PLC, et al., | **RECORD; APPOINTING SPECIAL** |
| | **MASTER** |
| Defendants. | |

## I.  INTRODUCTION

Presently before the Court is a Notice of Termination of Beck & Lee and Reese Richman LLP by Plaintiffs Evangeline Red, Jennifer Red, and Rachel Whitt.[1]  (Docket Item No. 70.)  Various parties have filed Oppositions and Responses.  (Docket Item Nos. 71-94.)  The Court conducted a hearing on September 13, 2010.  Based on the papers submitted to date and oral argument, the Court DENIES Plaintiffs' Motion to Terminate Beck & Lee and Reese Richman as counsel of record.

## II.  BACKGROUND

This is a class action in which Plaintiffs allege, *inter alia*, that Defendants engaged in false advertising for the product "I Can't Believe It's Not Butter!"  Defendants filed a Motion to Dismiss which was scheduled for a hearing on June 21, 2010.  (Docket Item No. 11.)  At that hearing, the parties informed the Court that they had signed a term sheet settling the case.  (Docket Item No. 68.)

---

[1]  The Court construes this Notice as a Motion for Termination of Counsel.

Based on the parties' representations, the Court vacated Defendants' Motion to Dismiss and set a hearing for Preliminary Approval of Class Settlement for September 27, 2010.  (Id.)

However, on August 16, 2010, Mr. Weston, one of Plaintiffs' attorneys of record, filed a Notice of Termination, effectively moving to terminate the Reese Richman and Beck & Lee firms as co-counsel for Plaintiffs.  (Docket Item No. 70.)  Two days later, Beck & Lee filed an Opposition to the Notice, charging the Weston Firm with engaging in "a shocking course of unethical and bad faith conduct."  (Docket Item No. 71 at 1.)  Beck & Lee's Opposition contends, *inter alia*, that:

> (1)   Mr. Weston offered a "kickback" to at least one individual, a "Ms. June Higginbotham," in return for serving as a named plaintiff in class actions;
>
> (2)   Mr. Weston promised Ms. Sutton, one of his paralegals, a "finder's fee" in exchange for "signing up" Ms. Higginbotham as a named plaintiff; and
>
> (3)   The Weston Firm has agreed to compensate its non-lawyer employees on a percentage basis from settlement proceeds.

(Id.)  Beck & Lee's Opposition also indicates that Mrs. Beck unsuccessfully attempted to contact the named Plaintiffs in this case to determine whether or not they had been offered any improper kickbacks or finder's fees.  (Id.)

Given the seriousness of these allegations, the Court ordered all effected parties, including Plaintiffs, to appear for a hearing and submit any supplemental briefing regarding the Motion to Terminate counsel.  (Docket Item No. 75.)  In response to that Order, several parties filed supplemental briefing, attaching dozens of accompanying declarations.  (Docket Item Nos. 78-94.)  In its Supplemental Brief, the Weston Firm denies any misconduct, and alleges a pattern of interference and bad faith conduct on the part of certain attorneys at Beck & Lee.  (Docket Item No. 93.)  The Weston Firm also submitted declarations from Ms. Higginbotham and Ms. Sutton, denying the alleged misconduct.  (Docket Item Nos. 86, 87.)

The Court conducted a hearing on the Motion to Terminate counsel on September 13, 2010.  At the hearing it became clear to the Court that the Motion was motivated by circumstances extraneous to the settlement.  For the reasons discussed below, the Court DENIES Plaintiffs' Motion to Terminate counsel, orders the parties to proceed with the settlement of the case and appoints a

United States District Court

For the Northern District of California

1   Special Master to hold any settlement funds being paid for attorney fees and to make

2   recommendations to the Court with respect to the disposition of that portion of the settlement.

### III.  DISCUSSION

**A.      Plaintiffs' Motion to Terminate Counsel**

At issue is whether the Court should grant Plaintiffs' Motion to Terminate Beck & Lee and Reese Richman as counsel of record.

This case was filed as a class action.  Although a class has not been certified, Rule 23 of the Federal Rules of Civil Procedure gives the trial court broad administrative powers to protect the putative class, including the power to designate interim counsel, and to impose conditions on the conduct of named plaintiffs seeking certification as representative parties.  See Fed. R. Civ. P. 23(d), 23(g)(3).

Here, pursuant to a Joint Prosecution Agreement,[2] three law firms undertook representation of the named Plaintiffs and the putative class.  On behalf of Plaintiffs, some of the attorneys commenced settlement negotiations with Defendants.  The negotiations resulted in a "term sheet" that the parties believed settled the case.  Apparently, in due course, the parties contemplated moving the Court to approve the settlement, certify a class for purposes of the settlement, and approve the payment of attorney fees.

Before such a motion was made, a dispute developed between and among the attorneys with respect to the sharing of attorney fees.  The Weston firm took the position that the Joint Prosecution Agreement was void, filed a lawsuit in a court seeking a declaration to that effect,[3] and demanded that Defendants deposit all settlement funds for attorney fees into the Weston client trust account. The other attorneys objected to Mr. Weston's position that the Joint Prosecution Agreement was

---

[2]  (Declaration of Jared H. Beck in Support of Beck & Lee's Opposition to Plaintiffs' Notice of Termination, Ex. A, Docket Item No. 73.)

[3] At the hearing, Mr. Weston stated that he had filed a lawsuit against Beck & Lee in San Diego federal court seeking to declare their joint prosecution agreement invalid and adjudicate the division of any shared attorney fees.  See Weston Firm, P.C. v. Beck & Lee, P.A., No. 3:2010-cv-01694 (S.D. Cal.).

United States District Court
For the Northern District of California

void and objected to depositing the funds for attorney fees into the Weston trust account. Defendants also objected to proceeding with the settlement under these circumstances. Ultimately, on behalf of Plaintiffs, the Weston firm filed the present Motion to Terminate the other attorneys.

At the hearing, it became clear to the Court that, notwithstanding the dispute between Plaintiffs' attorneys, Plaintiffs, all three Plaintiffs' law firms and Defendants desire to proceed with the settlement. The Court's primary duty is to ensure that the named Plaintiffs and their lead counsel adequately represent the class. See, e.g., Manual for Complex Litigation, Fourth (2004) § 21 at 244.

With respect to the adequacy of the named Plaintiffs, the Court does not find that the accusations being made by the attorneys against their colleagues concern conduct directly related to this case and its settlement. Beck & Lee's accusations concern parties involved in a different class action not before the Court. (Docket Item No. 71 at 1.) The Court is therefore satisfied that the alleged conduct in Beck & Lee's Opposition has not tarnished the ability of the named Plaintiffs to adequately represent the class.

With respect to the adequacy of class counsel, the Court finds insufficient cause to terminate Beck & Lee and Reese Richman from this case.[4] The Court finds that granting the Motion to Terminate two of the law firms who were involved in negotiating the settlement could jeopardize the settlement. Their termination would deprive Plaintiffs of the knowledge of these attorneys about the provisions of the term sheet.

Thus, because of the unanimous interest in proceeding with the settlement, the Court concludes that it would be in the best interest of the class if the Court established a procedure that would permit the settlement to proceed and that would defer the attorney fees division to a later proceeding.

---

[4] In its response, the Weston firm relies on a line of cases for the proposition that "[a] client's power to discharge an attorney, with or without cause, is absolute." Fed. Sav. & Loan Ins. Corp. v. Angell, Holmes & Lea, 838 F.2d 395, 395 (9th Cir. 1988) (quoting Fracasse v. Brent, 6 Cal. 3d 784, 790 (1972)). These cases are inapplicable, as they do not deal with the representation of a class, nor the Court's countervailing obligation to protect the interests of that class.

4

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  Accordingly, the Court DENIES Plaintiffs' Motion to Terminate Beck & Lee and Reese

2  Richman as counsel of record and orders that these attorneys proceed to bring the settlement to a

3  conclusion.

4  **B.    Appointment of Special Master**

5  At the hearing, the parties represented to the Court that the only roadblock to settlement was

6  a provision in the term sheet regarding who should hold the attorney fees from the settlement fund in

7  trust pending the attorneys' disputes over proper allocation of the fees.  Mr. Weston does not dispute

8  that he has asked Defendants to deposit these funds in his firm's trust account.  In fact, despite the

9  Weston firm's filing of a separate federal action to determine the validity the parties' Joint

10 Prosecution Agreement, at the hearing, Mr. Weston unilaterally declared that the agreement is

11 "void" on its face.  Mr. Weston's statements at the hearing raise serious concerns for the Court with

12 respect to his ability to hold the attorney fees from the settlement in trust.  Thus, the Court finds that

13 it is in the interest of the class and the firms involved for a neutral third party to administer and

14 allocate any attorney fees from the settlement funds pending the resolution of the firms' disputes or

15 any subsequent fees motion in this action.

16 Accordingly, pursuant to Fed. R. Civ. P. 53, the Court appoints Mr. George Fisher as Special

17 Master.

18 **1.    Scope of Appointment**

19 Subject to Court's approval of the settlement, Defendants shall separate any portion of any

20 settlement funds for attorney fees, payable to "George Fisher in Trust."  Mr. Fisher shall deposit the

21 attorney fees allocated by the settlement into a trust account.  Mr. Fisher shall determine the

22 positions of any claimant of those funds; seek a stipulation to an agreed division and if no stipulation

23 is reached, make a report and recommendation to the Court with respect to the funds held in trust.

24 **2.    Fees and Costs of the Special Master**

25 The Special Master will bill at the rate of $400.00 per hour.  No portion of the fees of the

26 Master shall be paid from any funds payable to the named Plaintiffs or members of the class.  The

27 fees and costs of the Master shall be paid from the settlement fund allocated for attorney fees.  Ten

28

5

1   days before the date of the Final Approval hearing, the Special Master shall file a motion with the

2   Court for approval and award of fees and costs.  Any objections shall be filed five days after such

3   submission.

4        To complete the appointment, Mr. Fisher shall file the affidavit required by Rule 53(b)(3) of

5   Federal Rules of Civil Procedure within five (5) days from the date of this Order.

6   **IV.  CONCLUSION**

7        Accordingly, the Court DENIES Plaintiffs' Motion to Terminate (Notice of Termination)

8   Beck & Lee and Reese Richman as counsel of record.  In light of this Order, the Preliminary

9   Approval Hearing currently set for September 27, 2010 is continued to **November 1, 2010 at 9 a.m.**

10       On or before **October 18, 2010**, the parties' shall file their Joint Motion for Preliminary

11  Approval of the Settlement.  Consistent with this Order, the Proposed Order shall include a

12  provision naming Mr. Fisher as the Special Master to oversee the allocation of attorney fees from the

13  settlement funds.

14

15  Dated: September 14, 2010

16  _____
    JAMES WARE
    United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

6

**United States District Court**
For the Northern District of California

1   **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2   Elizabeth Lee Beck elizabeth@beckandlee.com
    Gregory Steven Weston greg@westonfirm.com
3   Janelle Jad Sahouria jsahouria@mofo.com
    Jared Harrison Beck jared@beckandlee.com
4   John Joseph Fitzgerald jack@westonfirm.com
    Michael Robert Reese michael@reeserichman.com
5   William Lewis Stern wstern@mofo.com

6

7   **Dated: September 14, 2010**                      **Richard W. Wieking, Clerk**

8
                                                        **By:      /s/ JW Chambers**
9                                                              **Elizabeth Garcia**
                                                               **Courtroom Deputy**
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28