1  MICHAEL R. REESE (CA SBN 206773)
   mreese@reeserichman.com
2  **REESE RICHMAN LLP**
   875 Avenue of the Americas, 18th Floor
3  New York, New York, 10001
   Telephone:  (212) 643-0500
4  Facsimile:  (212) 253-4272

5  Attorneys for the Proposed Class
   in the *Rosen* and *Red* actions

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| AMNON ROSEN, et al., | Case No. C-09-02563 JW<br>Case No. C-10-00387 JW |
| EVANGELINE RED, et al. | **CLASS ACTION DECLARATION OF MICHAEL R. REESE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Plaintiff, v. | |
| UNILEVER UNITED STATES, INC., | Date: November 1, 2010<br>Time: 9:00 a.m. |
| Defendant. | Location: 4th Floor, Courtroom 8<br>Judge: Hon. James Ware |

Michael R. Reese, hereby declares the following:

1. I am an attorney at law in good standing of the states of California and New York. I am admitted to practice before this Court. I am a member of the law firm of Reese Richman LLP, Counsel for plaintiffs in the above matters. I am fully familiar with the facts set forth in this Declaration.

2. I make this Declaration in support of the accompanying Motion for Preliminary Approval of Class Action Settlement.

3. Reese Richman LLP filed the first of the above-captioned actions that is covered by the settlement: *Rosen v. Unilever United States, Inc.*, C-09-02563 JW. Reese Richman LLP filed the *Rosen* matter only after a thorough investigation of the factual underpinnings of the controversy.

4. Reese Richman LLP has a great deal of experience in litigating class actions. For example, Reese Richman LLP was appointed lead counsel by the court in a similar case against Wendy's International, Inc. that involved the deceptive marketing of food that contained trans-fats. *See Yoo v. Wendy's International, Inc.*, No. 2:07-CV-04515-FMC (JC) (C.D. Cal. 2007) ("*Wendy's*") attached hereto as Exhibit A.

5. The settlement in *Wendy's* in which Reese Richman LLP was court-appointed class counsel led to a similar settlement to that presented to the Court in the above-captioned action against Unilever, in that it required the elimination of trans-fatty acids from food sold by the defendant. The Court in *Wendy's* commended the settlement and granted both preliminary and final approval to the settlement that eliminated trans-fatty acids from Wendy's food.

6. Reese Richman LLP has been appointed class counsel in numerous other actions and recognized by courts for its experience and professionalism. *see e.g. Chin v. RCN Corp.*, 08-cv-7349 RJS, 2010 U.S. Dist. LEXIS 96302 (S.D.N.Y. Sept. 8, 2010) (appointing Reese Richman LLP as class counsel in consumer fraud action, stating that "class counsel is qualified, experienced, and able to conduct the litigation"); *Kreek v. Wells Fargo & Co. et al.*, No. C 08-01830 WHA (N.D Cal. Nov. 12, 2008 (appointing Reese Richman LLP as lead counsel in securities fraud action) attached hereto as Exhibit B; *L'Ottavo Ristorante et al. v. Ingomar*

*Packing Co.*, 09-cv-1945 MCE (E.D. Cal. Nov. 7, 2009) (appointing Reese Richman LLP as class counsel in federal antitrust class action stating that Reese Richman LLP is "well established and capable of providing quality representation to Plaintiffs in this matter") attached hereto as Exhibit C.

7. Reese Richman LLP is also currently litigating several other matters involving mislabeled food products. Included among these actions is *Ackerman v. The Coca-Cola Co.*, 09-cv-0395 (JG) (RML) (E.D.N.Y.) in which the non-profit public interest group Center for Science in the Public Interest ("CSPI") selected Reese Richman LLP to team up with to challenged Coca-Cola's misleading marketing of its vitaminwater® line of beverages. Mr. Reese of Reese Richman LLP argued the opposition at the hearing on the motion to dismiss in this matter and achieved a significant victory for consumers when the court denied the motion to dismiss claims based upon California consumer protection laws. *See Ackerman v. Coca-Cola Co.*, CV-09-0395 (JG) (RML), 2010 U.S. Dist. LEXIS 73156, (E.D.N.Y. July 21, 2010); *see also* Gardner, S., Public Citizen, Consumer Law and Policy Blog: "Truth: 1, vitaminwater: 0" at *http://pubcit.typepad.com/clpblog/2010/07/truth-1-vitaminwater-0.html* ("It's an incredibly good decision for the growing ranks of food and nutrition lawyers").

8. A copy of the firm resume of Reese Richman LLP that provides further detail on the experience of Reese Richman LLP and its attorneys is attached hereto as Exhibit D.

9. It is my opinion and that of Reese Richman LLP that the Settlement is an outstanding result for the Class as it requires Defendant to significantly re-formulate its soft-spread products such that they no longer contain trans-fat, and to dedicate significant resources to the elimination of trans-fat in its stick products. Given these terms of Settlement, I believe that the Settlement provides great benefit to the Class and the public at large by eliminating trans-fat from food products that tend to be consumed repeatedly by consumers. It is also my opinion and that of Reese Richman LLP that the Settlement is akin to the benefit to the Class in the *Wendy's* matter that received both preliminary and final approval from the court.

10. I have tried over thirty cases before a jury. I estimate that a trial of the above-captioned matters would have taken at least two to three weeks and involve testimony of

numerous expert witnesses. If these cases were to proceed, they might not be completed until many years after the benefits would be made available to consumers under this Settlement. The expense of such a trial and the use of both judicial resources and the resources of the parties would have been substantial.

11. Defendant asserted numerous arguments seeking the dismissal of the case, and was successful with the dismissal of the *Rosen* matter, which is now on appeal in front of the Ninth Circuit. It is my opinion that Defendant would have continued to aggressively challenge the case, both at the appellate level (in the case of *Rosen*), at the motion to dismiss stage (in the case of *Red*), and at class certification if the cases were to be further litigated. The future course of the litigation undoubtedly would have proven to be equally complex, expensive, and time-consuming. In assessing the merits of the Settlement, Reese Richman LLP carefully considered the wide-ranging factual and legal hurdles as well as the risks that Plaintiffs would have faced if they had continued to prosecute the action through trial and appeals. Although we remain confident in the ultimate ability to prevail, Reese Richman LLP understood that certain of the legal and factual defenses vigorously asserted by Defendant had some possibility of success which could lead to severe mitigation of the benefit that might ultimately be awarded to the Class. The resulting uncertainty, and the uncertainty inherent in all complex litigation, made the outcome of the case less than assured, especially when weighed against the substantial, tangible, immediate benefits conferred by the Settlement, which approach a "best case" scenario after trial.

12. Significant investigation was undertaken by Reese Richman LLP, including the production of discovery by Defendant during settlement negotiations. Based upon this investigation, Reese Richman LLP further believes the Settlement to be an excellent result for consumers.

13. Although Reese Richman LLP strongly believe that Plaintiffs' claims have merit, establishing Defendant's liability and damages to the entire Class at trial would by no means be guaranteed. Defendant has steadfastly denied liability and Reese Richman LLP recognized that some of Defendant arguments, both against class certification as well as the substance of the case, could have possibly proved meritorious. Included in this risk calculation was the possibility that

dismissal of the *Rosen* matter would not have been reversed by the Ninth Circuit, and that the district court would have similarly dismissed the *Red* matter based upon Defendant's motion to dismiss that matter.

14. The settlement negotiations in this case were intense, extensive, hard fought and conducted at arm's-length between experienced and skilled attorneys. The settlement negotiations also involved the use of a court-appointed mediator, Scott Petersen, with whom Reese Richman LLP met with co-counsel and counsel for Defendant at an in-person mediation in San Francisco, California held on March 18, 2010.

15. After extensively litigating this case, it is Reese Richman LLP's opinion that that Defendant engaged in a common course of conduct relating to the sale of its soft-spread and stick products that are listed in Appendix A to the Settlement Agreement ("Products"). As a result, all questions of law and fact are virtually identical for each Class member.

16. The claims of the representative plaintiffs and every member of the Settlement Class arise from the same conduct by Defendant – the sale of the Products based upon allegedly deceptively labeling and marketing, *i.e.* stating, among other things, that the products contained zero grams of trans-fat and were otherwise healthy to consume. The claims of the representative plaintiffs are identical to, and based on, the very same legal theories as each member of the Class.

17. There are no actual or potential conflicts between the named Class representatives and the members of the Class they represent. Further, the central issues in this case are identical for the Class representatives and the members of the Settlement Class. Each member of the Settlement Class, including the named Class representatives, suffered the same type of injury as a result of Defendant's conduct – they unwittingly purchased Products containing trans-fat.

18. The same evidence would be introduced to prove the claims against Defendant regardless of whether the claims in this case were to proceed as a class action or as thousands of individual cases.

//

//

//

19. Plaintiffs are not aware of any related cases pending elsewhere.

I HEREBY DECLARE under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 18, 2010   */s/ Michael R. Reese*
　　　　　　　　　　　　　　Michael R. Reese

## ECF ATTESTATION

I, Janelle J. Sahouria, am the ECF User whose ID and password are being used to file the following: **DECLARATION OF MICHAEL R. REESE IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**. In compliance with General Order 45, X.B., I hereby attest that Michael R. Reese has concurred in this filing.

Dated: October 18, 2010

JANELLE J. SAHOURIA
**MORRISON & FOERSTER** LLP

By: /s/ Janelle J. Sahouria
JANELLE J. SAHOURIA