**THE WESTON FIRM**
GREGORY S. WESTON (239944)
888 Turquoise Street
San Diego, CA 92109
Telephone: (858) 488-1672
Facsimile: (480) 247-4553
greg@westonfirm.com

JACK FITZGERALD (257370)
2811 Sykes Court
Santa Clara, CA 95051
Telephone: (408) 459-0305
jack@westonfirm.com

*Counsel for Plaintiffs and*
*the Proposed Settlement Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AMNON ROSEN, et al., | Case No. C-09-02563 JW<br>Case No. C-10-00387 JW |
| EVANGELINE RED, et al.,<br><br>                Plaintiff,<br>v.<br>UNILEVER UNITED STATES, INC.,<br><br>                Defendant | **DECLARATION OF GREGORY S. WESTON IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: November 1, 2010<br>Time: 9:00 a.m.<br>Location: 4th Floor, Courtroom 8<br>Judge: Hon. James Ware |

I, Gregory S. Weston, declare:

1. I am a member in good standing of the State Bar California, and admitted to practice before this Court. I have personal knowledge of the facts stated herein, and, if called on to do so, could and would testify competently thereto.

2. I make this Declaration in support of the accompanying Motion for Preliminary Approval of Class Action Settlement.

3. The action *Red et. al v. Unilever United States* was filed only after a thorough investigation of the claims asserted therein and more than a year of planning and preparation.

4. I have devoted nearly my entire practice since I became an attorney to the representation of consumers in fraud and antitrust class actions. Based on such experience, I strongly support preliminary approval of the proposed class action settlement.

5. While I wish the relief afforded to the proposed settlement class were greater and included direct monetary relief, the settlement nonetheless represents an outstanding benefit in that it requires the Defendant, which my research indicates is the largest maker of both name brand and store brand margarines in the United States, to remove <u>all</u> artificial trans fat from their soft spread/tub margarine products.

6. As the *Red* complaint describes in detail, trans fat is responsible for tens of thousands of preventable deaths in the United States each year. Margarine is the single largest source of trans fat in the American diet. While some jurisdictions have banned trans fat entirely, it is still legal and being sold throughout the United States. Its removal from Unilever and store-brand margarines manufactured by Unilever will over time save the lives of thousands of people. Beyond these lives saved, many millions of dollars in medical costs will be prevented, and the quality of life of millions of margarine consumers will be improved because they will stop consuming trans fat and decrease their risk of contracting the often debilitating chronic ailments linked to trans fat consumption, which include heart disease, cancer, diabetes, and Alzheimer's disease.

7. The settlement also benefits the public in that it deters future use of dangerous food additives by large companies by forcing the Defendant to pay for the costs of the litigation.

1

*Case Nos. C-09-02563, C-10-00387 JW*
DECLARATION OF GREGORY S. WESTON IN SUPPORT OF PRELIMINARY APPROVAL

8. Unilever's agreement to spend $500,000 in research toward a commercially viable stick margarine that is free of or contains reduced amounts of artificial trans fat also represents a great benefit to the class. Should this lead to a successful alternative, the benefit to the class would be even more substantial.

9. Setting aside the substantial risks that Plaintiffs would not prevail at trial or appeal if this action even survived that long, the monetary benefits that might be obtained after a successful trial two or more years from now are strongly outweighed by the benefit to the class from the settlement agreement.

10. To put the potential financial benefit to the proposed class from a successful trial against the immediate benefits of the proposed settlement in concrete terms, consider a hypothetical consumer who consumes about two servings per day of Unilever's store-brand tub margarine, equal to roughly two pats of butter.

11. If we were to prevail at trial and obtain from the Court our request for an order of restitution and damages equal to the purchase price of this product, this consumer might receive about $200 assuming we were successful with our arguments for the tolling of the statute of limitations.

12. This settlement, however, would mean this consumer would avoiding eating about 0.8 grams of trans fat per day. Such level of consumption, based on long-term studies with thousands of subjects, increases the risk of coronary heart disease by between 4% and 5% and type-2 diabetes by about 7% compared to a control group eating an otherwise identical diet.[1]

13. Aside from the physical and emotional suffering caused by these preventable illnesses, just the medical costs many class members will certainly avoid as a result of this settlement makes it clear to me that the settlement terms Unilever is willing to agree to *now* is of much greater value than even the most optimistic and speculate estimates of what monetary relief could be obtained years from now after a successful jury trial and defense to post-trial motions and appeals.

---

[1] Dariush Mozaffarian et al., Trans Fatty Acids and Cardiovascular Disease, 354 New Eng. J. Med. 1601 (2008), (attached hereto as Exhibit A); and Jorge Salmeron et al., Dietary Fat Intake and Risk of Type 2 Diabetes in Women, 73 Am. J. of Clinical Nutrition 1019 (2001) (attached hereto as Exhibit B).

14. I am a member of good standing in the state bars of California and Florida, and the United States District Court for the Northern, Central, and Southern Districts of California.

15. On May 18, 2009 my firm was appointed Class Counsel by the Hon. Margaret M. Morrow to represent purchasers of approximately 145 condominiums in the action *Adachi et al. v. Carlyle/Galaxy San Pedro L.P. et al.*, No. 09-793 (C.D. Cal.), which settled on a class-wide all-cash basis for approximately $1.35 million. A copy of the Order appointing my firm Class Counsel is attached hereto as Exhibit C.

16. In addition to this action, I represent consumers in cases challenging the labeling of packaged food products in seven other proposed class actions in California federal courts.

17. Before founding The Weston Firm, as an attorney at the firm now called Robbins, Geller, Rudman & Dowd ("RGR&D"), I represented plaintiffs in the following class actions:

18. *The Apple iPod iTunes Antitrust Litigation* (N.D. Cal.) (RGR&D appointed class counsel by this Court)

19. *Bruce v. Crompton Corp.* (Los Angeles Co. Sup. Ct.)

20. *In re Carbon Black Antitrust Litigation* (D. Mass.)

21. *In re Digital Music Antitrust Litigation* (S.D.N.Y.) (RGR&D appointed interim class counsel)

22. *In re Graphics Processing Units Antitrust Litigation* (N.D. Cal.)

23. *In re International Air Transportation Surcharge Antitrust Litigation* (N.D. Cal.)

24. *In re Medical Waste Services Antitrust Litigation* (D. Utah) (RGR&D appointed interim class counsel)

25. *Ross et al. v. Metropolitan Life Insurance Company* (W.D. Pa.)

26. *Williams v. Interinsurance Exchange of the Automobile Club* (San Diego Co. Sup. Ct.) (California consumer class certified, RGR&D appointed class counsel)

27. I am a graduate of the Ohio State University and Harvard Law School.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed on October 18, 2010 in San Diego, California

/s/ Gregory S. Weston
Gregory S. Weston

3

*Case Nos. C-09-02563, C-10-00387 JW*
DECLARATION OF GREGORY S. WESTON IN SUPPORT OF PRELIMINARY APPROVAL

Submitted by,

/s/ Gregory S. Weston
Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
888 Turquoise Street
San Diego, CA 92109
Telephone:    858 488 1672
Facsimile:     480 247 4553

JACK FITZGERALD
2811 Sykes Court
Santa Clara, CA 95051
Telephone: (408) 459-0305

*Counsel for Plaintiffs and
the Proposed Settlement Class*

**ECF ATTESTATION**

I, Janelle J. Sahouria, am the ECF User whose ID and password are being used to file the following: **DECLARATION OF GREGORY S. WESTON IN SUPPORT OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**. In compliance with General Order 45, X.B., I hereby attest that Gregory S. Weston has concurred in this filing.

Dated: October 18, 2010
JANELLE J. SAHOURIA
**MORRISON & FOERSTER LLP**

By: /s/ Janelle J. Sahouria
JANELLE J. SAHOURIA